HULL, Administratrix, v. HULL et al.

Bequest of personal property to executors in trust to pay an annuity of five hundred dollars, to be increased in their discretion to one thousand dollars, to the testator's son till he attained the age of thirty, and to pay all that should remain of principal and accumulated income to the son upon the condition that he should then, in the opinion of the executors, be solvent. The executors having renounced — *Held*:

The provision for the increase of the son's annuity became ineffectual, the discretion being absolute and personal.

The determination as to solvency of the son at the age of thirty is not a matter of personal discretion; but, as it rests upon a fact judicially

ascertainable, effect is to be given to the provision, notwithstanding the renunciation of the trustees.

The provision for the accumulation of income during the interval between the son's majority and the age of thirty years is void, and the income for that period goes as in case of intestacy.

APPEAL from the Supreme Court. Action to obtain the judicial construction of a will. The testator devised his real estate to his wife for life, and his personal estate to his two half-brothers, his executors, upon trusts which are stated in the following opinion. There were directions for the payment of an annuity to his widow, and certain small legacies, as to which no question was made. The executors having renounced, letters of administration with the will annexed were issued to the widow, by whom this action was commenced. During its pendency, the executors filed a renunciation of all right as trustees.

*Alexander W. Bradford,* for the appellant.

*Augustus Prentice,* for the respondent.

WRIGHT, J. The testator died seised of real estate (a house and lot in St. Mark's Place, in the city of New York), of the value of $12,000, and possessed of about $160,000 of personal property. He left a wife and only son, a minor, surviving him. His will clearly indicated this child as the primary object of his bounty. The aim of the testator was to give ultimately to his son all his property, but to keep the bulk of it from his possession until he arrived at the age of thirty years. To effectuate this intent the estate was given in trust to the executors (the brothers of the testator) named in the will; and the instrument provided that such executors should pay to the guardian of the son the sum of $500 per annum during his minority; which annual sum might be, in the discretion of the executors, increased to any sum not exceeding $1,000 per annum. When the son became of lawful age, the executors were to pay over to him the sum of $5,000 in money from

the avails of the testator's estate in their hands, and also continue the yearly allowance of $500 and not exceeding $1,000, until he arrived at the age of twenty-five years, then the executors were to pay over to him the further sum of $10,000, and were authorized to continue or not, in their discretion, the yearly allowance until he arrived at the age of thirty years. When he reached the age of thirty years, the executors were to pay over, transfer and convey to him all the rest, residue and remainder of the testator's estate in their hands, not otherwise by the will devised or bequeathed; provided, however, and upon the express condition that the son was then, in the opinion of the executors, solvent and able to pay all his debts and liabilities of every kind. Should he, however, in the opinion of the executors, be then insolvent and unable to pay all his just debts and liabilities, the executors were to pay to him yearly the interest and income of the residue and remainder of the testator's estate, until he should, in their opinion, become fully solvent and able to pay his just debts and liabilities of every kind, when they were to pay over and transfer to him such residue and remainder. A subsequent clause of the will provided, that in case the son should die unmarried and without lawful issue, before coming into the possession and enjoyment of such residue and remainder, then and in that event the executors were to pay over and distribute the whole of the testator's estate not distributed (including that to be distributed on the death of the widow or other contingency provided for) equally among all the children of the testator's father, and their children *per stirpes* if any were dead leaving issue. Should the son, however, die, leaving a wife and no children, before coming into the possession and enjoyment of the testator's estate, pursuant to the provisions of the will, then the wife, so surviving, was to receive the same portion of the testator's estate and property that she would have had, had the son lived long enough to have come into the possession and enjoyment absolutely of the whole of the testator's estate and property designed by the will to be given to him.

.We are to give effect to the intention of the testator, if it can be done consistently with the rules of law; and not by construction, though we might deem a testamentary scheme which proposes to keep the testator's only son in guardianship until he reaches the age of thirty years, with title in abeyance, objectionable, to make a new or different will for him. Still if there are any provisions of the instrument, which conflict with settled legal principles or positive statutory enactment, or which have become ineffectual and inoperative for any valid reasons, they must fail.

The fifth clause of the will gives the testator's estate to his executors in trust for the payment of debts and to carry out the provision of the preceding clauses; and they were to manage it in a way best adapted to that end. The third clause in effect contains a direction to accumulate the income of such estate until the son shall attain the age of thirty years. This provision is invalid, and the accumulation void so far as respects the income between the son's majority and his attaining the age of thirty. The statute authorizes an accumulation of personal property (which was this case) during minority, for the benefit of the minor; but it must terminate at the expiration of minority. (1 R. S., p. 720, § 37, p. 774, § 3.) The accumulation was not unlawful during the minority of the son, but was, subsequently to his attaining majority. These after accumulations being void, the decedent is to be regarded as having died intestate, as to the income of his estate between the majority of the son and his attaining the age of thirty years. This was the construction given to the provision by the court below; and its judgment now appealed from provides that the income of the entire estate shall accumulate (after taking therefrom the annuities to the wife and son) until the latter arrives at the age of twenty-one years, when the same is to be paid over or appropriated annually, one-third to the widow and two-thirds to the son, until the son shall attain the age of thirty years.

On attaining majority the son was to receive $5,000 from the testator's estate and a further sum of $10,000 on reaching

the age of twenty-five; besides an annual allowance of not less than $500 which might be increased to $1,000 in the discretion of the executors. He was to have no more of the estate until he reached the age of thirty. This latter period was fixed for his coming into the full and absolute control and enjoyment of the entire property of the testator not otherwise devised or bequeathed. Whether, however, he should then take the property, absolutely, and disencumbered by any trust, depended upon a contingency. The testator had imposed as a condition of his taking at that time that he should be solvent and able to pay all his debts and liabilities of every kind. It is not pretended that the condition could not be lawfully imposed; but the ground assumed is that the testator had submitted the determination of the fact of solvency to the personal discretion of the executors named in his will, and as they voluntarily renounced, there is no way that the condition can be complied with, and the entire provision necessarily becomes inoperative. I cannot concur in this view. The testator had declared his will as to the time when, and the condition upon which, his son should be vested with the possession and absolute ownership of the bulk of his estate; and it is not to be intended that he meant that he should be kept out of such estate a moment after he reached the age of thirty years, provided he was then, in fact, solvent. He could not have meant that the executors he had appointed should be the sole judges of the question of the son's solvency on arriving at thirty years of age, and thereby, though the son should not in fact owe a dollar, enable such executors to keep the estate from him, by deciding him to be insolvent. It is true that the words of the will are that the son is to take, at the age of thirty years, if he be solvent and able to pay all his debts and liabilities of every kind, "in the opinion of my said executors;" but the legal effect of this is not to leave the question of solvency to be determined or decided entirely by the personal discretion of the executors. It may be conceded that when a matter or thing is to be determined or decided entirely by the personal discretion of one or more parties,

and they die or refuse to exercise this discretion, there is no way any determination or decision can be made. That provision of the present will which confides to the discretion of the executors an increase of the annual allowance to the son is of this description. But where a direction in a will is, that the executors or trustees are to do or to determine upon any particular thing, and a rule is given, based upon facts readily ascertainable in the usual manner of legal determination of facts, then it is not a case of pure personal discretion, and the courts will uphold the will, and order the facts, if disputed, to be determined in the usual way. A rule is given in this will, based on facts, which facts, I think, are to be the guide and not the discretion of the executors. The persons to whom, the time, amount and conditions upon which the estate is to be finally disposed of are all plainly fixed by the will.

· I concur, therefore, with the Supreme Court that the provision as to the disposing of the residue of the testator's estate to the son, on the latter reaching the age of thirty, and being solvent, is valid and operative, and does not become ineffectual and inoperative, for the reason that the persons named in the will as executors have renounced. By a fair construction of the will, the decision of the fact of solvency is not confided to the exclusive personal discretion of the executors. It is a fact, if disputed, to be determined as other facts are legally determined.

There is no valid objection to the eighth clause of the will. It is a direction that the children of the testator's father shall take the estate absolutely in the event of the son dying unmarried and without lawful issue before coming into the possession and enjoyment of it, pursuant to the provisions of the will. It is urged that this limitation is void, for the reason that it is based upon a prior scheme or plan that cannot be carried out, and the failure of which involves the failure of any subsequent conditions based upon it. The argument is, that the limitation was framed on the validity, and not the invalidity of the previous clauses of the will, disposing of the testator's estate to his son, and then being invalid or inope-

rative, and the scheme failing, the limitation must fail. Undoubtedly, if the provision disposing of the testator's estate to his son, on his attaining the age of thirty years, had been invalid or become inoperative, and there had been an intestacy as to the bulk of the estate, the limitation in the clause under consideration would have failed. But here the intention of the testator, and his scheme for effecting it, are valid and operative, with the exception of the accumulation of income between the majority of the son and his attaining the age of thirty years. There is no failure in the intention or scheme of the testator further than to keep from the son, the possession and absolute enjoyment of the accumulations of the income of the estate until the latter reached the age of thirty years. I cannot think that there is any force in the suggestion, that because the plan or scheme of the testator, in all its parts, cannot be legally carried out, though in all essential particulars full effect is given to it, the limitation in question should fail.

These views, if correct, would lead to an affirmance of the judgment of the Supreme Court.

Judgment affirmed.