William B. Royce et al., Respondents, *v.* Jennie C. T. Adams, Appellant.

The provision of the Code of Civil Procedure (§ 2818), which provides that when a sole testamentary trustee dies, or is removed or resigns, and the trust has not been fully executed, the Surrogate's Court may appoint a successor, is not limited to a case where there is but one such trustee; where there are more than one and all die or resign, the surrogate has power to appoint a successor.

The Supreme Court also has authority to make such appointment.

The will of L. devised and bequeathed to his executors all his real and personal estate upon certain trusts mentioned, and authorized them or "whoever shall execute" the will to sell and convey any of the real estate, and give a good title thereto. The will contained no express provision as to what was to be done with the proceeds of sale. Before the estate was settled all of the executors and trustees named in the will resigned. Plaintiffs were thereafter appointed trustees by orders properly made both by the Surrogate's Court and the Supreme Court. In an action to compel the performance by defendant of a contract to purchase certain of the real estate, *held*, that as the trust survived the resignation of said trustees, the surrogate had power to appoint new trustees, as had also the Supreme Court; that as the power of sale was conferred not only upon the executors named, but upon whoever should execute the will, it was not a personal trust or confidence, but could be executed by any person lawfully appointed to execute the will; that while it was not expressly provided what should be done with the proceeds of sale, it was to be implied that they were to be held and disposed of for the purpose of the trust, and so, that plaintiffs had power to sell and to convey a good title, and were entitled to maintain the action.

(Submitted October 20, 1890; decided October 28, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 14, 1890, which directed a judgment in favor of plaintiffs upon a demurrer interposed by defendant, the court having directed the issues involved to be submitted and heard by the General Term, and adjudged that the defendant be required to accept the deed referred to in the complaint.

This action was brought by plaintiffs as trustees under the will of Henry R. Low, deceased, to compel the specific per-

formance, on the part of defendant, of a contract to purchase certain of the real estate of which the testator died seized.

The facts, so far as material, are stated in the opinion.

*Alton J. Vail* for appellant. Inasmuch as the will simply authorizes the executors to sell and does not contain an imperative direction that they shall sell, the power of sale does not vest in the trustees who were appointed in place of the retiring executors; but that upon the resignation of the executors, the title and the power to sell vested solely in the heirs of the testator. (*In re Hawley,* 104 N. Y. 250; *Cooke* v. *Platt,* 98 id. 35; *Delaney* v. *McCormick,* 88 id. 174; *Farrar* v. *McCue,* 89 id. 139; *Mott* v. *Ackerman,* 92 id. 539; 2 R. S. chap. 1, art. 2, §§ 45, 68, 71, 94, 102.) To constitute a testamentary trustee, it is necessary that some express trust be created by the will. Merely calling an executor trustee does not make him such. Every executor is, in a general sense, a trustee, for he deals with the property of others confided to his care. But he is not a trustee in the sense in which that term is used in courts of equity, and in the statutes. (*In re Hawley,* 104 N. Y. 261; *Cooke* v. *Platt,* 98 id. 35.) The conclusion of the court in the order appointing the trustees under the Low will "that the power of sale given to the executors, is not imperative, but discretionary, wholly negatives any argument that a valid trust under section 55 was created, for by the above decision a trust to sell for legatees or creditors must be imperative. (*Delaney* v. *McCormick,* 88 N. Y. 174; *Farrar* v. *McCue,* 89 id. 139; *Mott* v. *Ackerman,* 92 id. 539.)

*W. J. Groo* for respondents. The testator, by his will, created a general power in trust and authorized and directed his executors and trustees therein named to execute the same. (*Ward* v. *Ward,* 105 N. Y. 66, 68; *Farrar* v. *McCue,* 89 id. 139; *Cooke* v. *Platt,* 98 id. 35; *Mott* v. *Ackerman,* 92 id. 539; *Delaney* v. *McCormack,* 88 id. 174; *Legget* v. *Hunter,* 19 id. 445; *De Peyster* v. *Clendining,* 8 Paige, 295; 1 R. S. 2440, §§ 71, 96, 102; *Greenland* v. *Waddell,* 116 N. Y.

243; *Rogers* v. *Rogers*, 111 id. 228, 237, 238.) The plaintiffs have been legally substituted as the successors to the original executors and trustees, with all their powers and duties. (Code Civ. Pro. §§ 2472, 2481, 2818.)

EARL, J. The testator, Henry R. Low, devised and bequeathed to his executors all his real and personal estate upon the trusts mentioned in his will, and authorized them to sell, lease or otherwise convey or dispose of any of his real or personal estate, and to give a good title thereto. Before the estate was completely settled all the executors and trustees named therein resigned. Thereafter by an order of the Surrogate's Court, and subsequently by an order of the Supreme Court, both properly made, these plaintiffs were appointed trustees under the will in the place of those who had resigned; and the question is whether they have authority to execute the power of sale contained in the will.

While it is not expressly provided what shall be done with the proceeds of the sales of property, it is implied that they must be held and disposed of for the purposes of the will.

Here the trust survived the resignation of the testamentary trustees, and hence the surrogate had authority to appoint the new trustees under section 2818 of the Code, which provides that when a sole testamentary trustee dies, or becomes a lunatic, or is by a decree of the Surrogate's Court removed or allowed to resign, and the trust has not been fully executed, the Surrogate's Court may appoint a successor, unless such appointment would contravene the express terms of the will. It is true that this provision mentions only a sole testamentary trustee, but the language of the whole section shows that it was the intention to provide for a case where all the testamentary trustees died or resigned, and that there was no purpose to confine it to the case of a sole testamentary trustee. Hence these plaintiffs could base their authority to act as trustees under the will and to execute the power therein conferred upon the testamentary trustees upon their appointment by the surrogate.

But if that appointment was insufficient to clothe the plaintiffs with a valid authority and the power of the testamentary trustees, it cannot be doubted that they received such authority under their appointment by the Supreme Court. It is familiar law that upon the death of an original trustee the trust devolves upon the Supreme Court, and it has jurisdiction to appoint new trustees to execute the trust. (1 R. S. 730, § 71, 734, § 72; *Delaney* v. *McCormack*, 88 N. Y. 174; *Farrar* v. *McCue*, 89 id. 139; *Mott* v. *Ackerman*, 92 id. 539; *Cooke* v. *Platt*, 98 id. 35; *In re Hawley*, 104 id. 250; *Greenland* v. *Waddell*, 116 id. 243.)

The power of sale is by the will, conferred upon the executors, or "whoever shall execute this my will," and hence the power is not a personal trust or confidence, but it can be exercised by any person lawfully appointed to execute the will.

The plaintiffs, therefore, have power to convey the real estate in question and can give a good title thereto, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.