ASHBY L. BAKER, Executor of VIRGINIA BAKER, Deceased, v. JOHN H. McADEN, Trustee, et al.

*Will—Trust Estate—Termination of Trust by Death of Cestui Que Trust—Accounting.*

1. A trust will continue no longer than the legitimate purposes contemplated in its creation require.

BAKER *v.* McADEN.

2. A testator devised his residuary estate to his executor " in trust for my children " with power to manage the estate for the best interest of the beneficiaries, and to sell the same, or any part thereof, at any time and on such terms as he should deem best, directing that, if any of the children were dissipated, they should receive only a small portion until their habits became improved, and that the portion due testator's daughters should be given to them in their own right, "free from the debts and liabilities of their husbands, at such times as my executor may deem best." There were no limitations over after the death of the children or any of them; *Held*, (1) that the trust is a personal one, which, if the trustee should die before the children, would at once be extinguished and the estate would become absolute in the children as tenants in common ; (2) that such trust would also terminate on the death of the beneficiaries during the trustee's life, in which case the estate would vest in the representatives, legatees or devisees of the children ; (3) that the death of one of the daughters terminated the trust as to her share, and vested such share in her devisee, who is entitled to an accounting.

CIVIL ACTION, heard on complaint and answer and demurrer to answer, before *Bryan, J.,* at Fall Term, 1895, of MECKLENBURG Superior Court.

The plaintiff, by this suit, seeks to compel the defendant, Jno. H. McAden, executor and trustee under the will of the late R. Y. McAden, to account with and pay over to him the share or interest of his deceased wife, Mrs. Virginia M. Baker, in the estate of her father, the testator.

The defendants answered the plaintiff's complaint, and averred that Jno. H. McAden held the estate of his testator, R. Y. McAden, under the trust declared in his will, and that he has not paid to the plaintiff's wife, or to him, since her death, more than they have already received from said Jno. H. McAden, as executor and trustee under said will, because in the opinion and judgment of the said Jno. H. McAden, executor and trustee, honestly and fairly exercised, it was not deemed best for the interest of

the beneficiaries that the said executor and trustee do so, and that, under the will of the said R. Y. McAden, the executor and trustee had the right and power to withhold any further payment to the plaintiff, so long as he deemed it prudent and best for all parties interested in the said trust as beneficiaries to do so.

This answer was filed, not only by John H. McAden but by the beneficiaries under the will of R. Y. McAden (other than the plaintiff).

The plaintiff, by his demurrer, insisted (1) that the trust as to Mrs. Baker terminated at her death, and the legal and equitable estates, as to her share and interest, merged, at that time; (2) that the contention of defendants would be in restraint of alienation and would conflict with the rule against perpetuities, and (3) that no necessity exists for longer keeping the estate together.

His Honor sustained the demurrer and gave judgment for the plaintiff, adjudging him the owner and entitled to the possession of Mrs. Baker's interest in the estate, declaring the trusteeship of John H. McAden (as to such interest) ended and directing him to account, &c. From this judgment the defendants appealed.

*Mr. R. O. Burton,* for plaintiff.

*Mesrss. Burwell, Walker & Cunsler,* for defendants (appellants).

FAIRCLOTH, C. J.: R. Y. McAden died in 1889, leaving a last will and testament and appointed the defendant, John H. McAden, executor, and left him surviving his widow and several children. In the will, after some specific legacies, the testator says: "All the residue of my estate I give to my brother, John H. McAden, *in trust for my children,* he to have entire control of the same, and he is authorized to sell and dispose of the same, or any

part thereof, at such time and on such terms as he may deem best. He shall also have authority to keep in possession and manage and operate any and all such property as long as he may deem it wise to do so. That he may distribute such portion of said property, or income therefrom, at such times as he may deem it prudent for the best interest of my estate and my children." He then directs that if any of his children are dissipated, they shall receive only a small income until their habits are improved, and then says: "The portion of my property due to my daughters shall be given to them in their own right, free from the debts and liabilities of their husbands, at such times as my executor may deem best."

One of the daughters (Virginia) married the plaintiff and died in May, 1895, leaving a last will and testament appointing her husband her executor, in which will she devised to her husband, the plaintiff, "All the rest and residue and remainder of my property, of whatever kind and wheresoever situated," and this residue includes her interest in her father's estate. The plaintiff now sues to recover his wife's share in her father's estate, now in the possession of said trustee. The plaintiff insists that, by the death of Virginia, the trust became extinct as to her share, and that he is entitled to it as her devisee. This proposition is denied by the trustee.

We will put out of the way some suggestions made on the argument. This is a *personal* trust, and if the trustee should die before the children, the trust would at once be extinguished, and the estate would become absolute in the children as tenants in common. The court could not appoint a successor trustee, because it could not invest him with the confidence of the testator. *Young* v. *Young*, 97 N. C., 132. If the children should all die, the trustee still living, the trust would become extinct, because there

would be no beneficiary for whose benefit it could operate, and the estate would vest absolutely in the children's representatives, legatees or devisees, as the case might be.

It is admitted that the estate has been well managed, and that the trustee is worthy of the confidence reposed in him. The plaintiff does not put his claim on the ground of *mala fides* or any mismanagement.

There is nothing in the terms of the trust in restraint of the right of alienation, and nothing in violation of the law against perpetuities, which means " a life or lives in being at the testator's death, and 21 years afterwards."

The question then is, Does the death of Virginia terminate the trust as to her share in the estate, or does it continue until all the children are dead, if the trustee shall elect so to hold it? It will be noticed that the will declares the trust for " my children " and " for the best interest of my estate and my children." There is nothing in the will indicating a purpose on the part of the testator to mark out the course or control the property beyond the time of " my children." There is no limitation over.

It may be stated as a general rule that a trust will continue no longer than the legitimate purposes, contemplated in its creation, require. *Payne* v. *Sale*, 2 Dev. & Bat. Eq., 460. " Where a power is coupled with a trust or duty, a Court of Equity will enforce a proper and timely exercise of the power, but if it be given upon a trust to be exercised in the discretion or upon the judgment of the trustee, the Court will not interfere with the trustee's discretion in executing the trust, unless he has exercised his discretion *mala fide.*" *Read* v. *Patterson*, 44 N. J., 211. We are not aware of any case in which this Court has directly decided this question. The plaintiff's brief contains cases resembling this in some respects, but in none of them is this exact question adjudged.

The case of *Young* v. *Young*, 68 N. C., 309, is relied·
upon by the defendant as sustaining his contention.
There, the trust was for the benefit of the trustee and the
children. Here, it is only for the children, and the trustee
claims no interest in the estate. There, two of the chil-
dren claimed their shares on arrival at 21 years of age.
Here, there is no claim made until after the death of one
of the children. Note the difference. It is manifest that
two motives mainly moved the testator to put his prop-
erty in trust: 1. To protect it against any dissipation of
his children in early life. 2. To save the portions of his
daughters " free from the debts and liabilities of their hus-
bands." The reason as to Virginia's share has ceased, as
the time when the apprehended danger could take place
expired at her death.

Keeping in mind that the trust, as to the whole of the
estate, would cease upon the death of all the children, and
that there is no intention expressed in the will of a trust
for any one except " my *children*," what reason appears
why, upon the death of one of the daughters, the trust
should not cease as to her share ? We are not informed as
to the quantity of the property or its nature, except that
it is real and personal property. Is there anythi⟩g in the
condition of the property tending to show that the best
interest of the estate would be promoted by keeping it *in
solido*, even in the judgment of the trustee, until the final
termination of the trust ? The answer fails to aver any
such facts, and, if there be any such, the failure or refusal
of the defendant trustee to advance them is of itself
unreasonable. He does not allege, or even suggest, that
the severance of Virginia's share would impair the
value of the remaining shares, or be detrimental to the
survivor's interest, or make it more difficult to control and
manage the same for the best interest of the beneficiaries,

but simply declines in the exercise of his discretion to pay over the share of the deceased daughter at present. The case of *Toner* v. *Collins*, 67 Iowa, 369, is directly in point : The estate was devised to a trustee for the benefit of three children, with power in the trustee to manage and control the property, sell and reinvest the proceeds, until the children should marry some worthy person " with the consent of the executors." The trustee had no interest in the estate, and there was no bequest over. One daughter died at 22 years of age, unmarried, and had never applied for consent to marry. The court held that marriage was not a condition precedent to the vesting of the title, and that the relation of trustee and *cestui que trust* terminated necessarily at the death of the daughter and that her devisee was entitled to recover. We consider that the death of Virginia extinguished the trust, the power and discretion of the executor, as to her share of her father's estate, and that the plaintiff, her devisee, is entitled to an account and to recover such share.

Affirmed.