(110 App. Div. 303.)

### BENEDICT v. DUNNING.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. TRUSTS—TERMINATION OF EXPRESS TRUST—DEATH OF TRUSTEE.

A will creating a trust gave the executor power to dispose of the property and invest the proceeds in any securities "which he may in the exercise of his absolute discretion" deem proper. It further gave him power to pay over to the testator's son "during his lifetime or until the termination of the trust," as in the third paragraph provided, "at such times and in such amounts as my said executor shall deem fit and proper." The third paragraph provided that "at any time after my said son shall have arrived at the age of 25 years I authorize, but do not direct, my said executor, if in the exercise of his said discretion and judgment he shall see fit so to do, to pay over, convey, or assign from time to time to my said son any part of or all of the principal sum or property then remaining in his hands, together with a proportionate amount of the accumulations or all of the accumulations thereon, if any; it being my intention and will to invest my executor hereinafter named with the absolute right and power of deciding whether, and at what time, if ever,

any part or all of the principal of the estate and property herein given my executor shall vest in or come into the possession or control of my said son." *Held,* that the trust depended on the discretion of the executor, and terminated upon his death, and that the court had no authority to direct the property to be turned over to a substituted trustee.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 84.]

2. WILLS—ESTATES IN TRUST—DISPOSITION OF PROPERTY ON TERMINATION OF TRUST.

A trust created by will so rested in the personal discretion of the trustee that it terminated upon his death. The will further provided that, in the event of the death of the beneficiary before the trustee, the trustee should take all the property absolutely; but there was no provision for disposition of the property on the death of the trustee before the death of the beneficiary, which event happened before the trust had been executed. The trustee was given discretion to pay the beneficiary "during his lifetime or until the termination of the trust" the income, or any part thereof, and it was left in the discretion of the trustee to terminate the trust at any time, or never, by transfer to the beneficiary of all the principal of the estate. *Held,* that on the termination of the trust by the death of the trustee the estate became subject to distribution under the statute as in the case of intestacy.

O'Brien, P. J., and Ingraham, J., dissenting

Appeal from Judgment on Report of Referee.

Action by Lewis Benedict against William Dunning, as executor of the will of William R. Bronk, deceased, who held possession of property belonging to the trust estate created by the will of Louisa P. Bronk. From a judgment directing defendant to transfer the property to a substituted trustee, plaintiff appeals. Modified.

Argued before OBRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and HOUGHTON, JJ.

Robert C. Beatty, for appellant.

W. H. Seibert, for respondent.

CLARKE, J. This is an action for the construction of the will of Louisa P. Bronk. William R. Bronk, the husband of testatrix, was named in the will as executor and trustee, and he served as such for three years, when he died. The defendant is the executor of the will of William R. Bronk, and as such is in possession of the property belonging to the trust estate. No substituted trustee has been appointed to execute the trust created by the will of Louisa P. Bronk. The plaintiff is the son of testatrix by her first marriage and her only child. The will was made in 1885 shortly after the second marriage to William R. Bronk. The property which is disposed of by the will was derived from the estate of testatrix's first husband and plaintiff had a one-half interest in the income during his mother's life and a vested remainder in the whole estate, but prior to his mother's will he had released to her all his interest. He had always been on friendly terms with his mother and lived with her until his marriage, four months before her death. Testatrix left her surviving, besides her son, her mother and second husband, both of whom she knew were possessed of independent properties. By the will, after giving jewelry, household furniture, silver, pictures, and bric-a-brac to her executor "the same or such part thereof as he may, in his discretion, judge fit and proper to be distributed as mementos among such of my rela-

tives and friends as he may in his discretion select," the remainder is devised and bequeathed "to my executor hereinafter named, his successor or successors, in trust, however": (1) To sell or mortgage or lease and the same or proceeds thereof to invest in any securities "which he may in the exercise of his absolute discretion and judgment deem fit and proper." (2) "To receive all rents, issues, income or profits arising from the estate and property herein given him, and the net amount thereof, or such part of the net amount thereof as he shall in the exercise of his said discretion and judgment deem suitable or necessary for that purpose, to pay over to my son, Lewis Benedict, during his lifetime, or until the termination of the trust as in the third paragraph of this clause of my will provided, at such times and in such amounts as my said executor shall deem fit and proper. (3) At any time after my said son shall have arrived at the age of 25 years, I authorize, but do not direct, my said executor, if in the exercise of his said discretion and judgment he shall see fit so to do, to pay over, convey, or assign from time to time, to my said son, any part of or all of the principal sum or property then remaining in his hands, together with a proportionate amount of the accumulations or all of the accumulations thereon, if any; it being my intention and will to invest my executor hereinafter named with the absolute right and power of deciding whether, and at what time, if ever, any part or all of the principal of the estate and property herein given my executor shall vest in or come into the possession or control of my said son." The will further provides that, in the event of the death of the son before the husband, the husband shall take all the property absolutely. There is no express provision in the will for disposition of the property upon the death of the husband before the death of the son. This event has happened and renders the construction of the will necessary. The son attained the age of 25 years, and was 29 years of age when his mother died in 1902. No part of the principal has been paid over to the son.

Two questions are before the court: Whether the trust so rested in the personal discretion of the trustee that it terminated upon his death; and, if so, further, whether the remainder after the termination of the trust is vested in the son. Ordinarily upon the death of an original trustee the trust devolves upon the Supreme Court, and it has jurisdiction to appoint a new trustee to execute the trust. Royce v. Adams, 123 N. Y. 402, 405, 25 N. E. 386, and cases cited. But where special confidence is reposed in an individual as distinct from his office, so that the execution of the trust or power in trust is made expressly dependent upon the will of the grantee, it is necessarily personal and discretionary and does not pass to a substituted trustee. Coleman v. Beach, 97 N. Y. 545; Sweeney v. Warren, 127 N. Y. 426, 28 N. E. 413, 24 Am. St. Rep. 468; Lahey v. Kortright, 132 N. Y. 450, 457, 30 N. E. 989. The rule is well stated in Chaplin on Express Trusts, § 334:

"If by the trust instrument trustees are vested with a discretion personal to themselves and not pertaining to any one who should fill their office and they all renounce (or resign, or are removed, or die, or if for any reason others succeeded to their position), the right to exercise the discretion does not pass to their successors. Beckman v. Bonsor, 23 N. Y. 298, 303, 305, 318, 80 Am. Dec. 269."

It must be observed, however, that the mere fact that the exercise of the power calls for the exercise of discretion does not necessarily stamp the power as purely personal. In Lahey v. Kortright, 132 N. Y. 450, 30 N. E. 989, the trustees were given power to sell and invest the proceeds "as they in their discretion may deem most for the interest of the parties interested." There was a valid trust to pay income for life and the court held the power of sale annexed to the trust in aid of its execution. Judge Bradley, at page 456 of 132 N. Y., and page 991 of 30 N. E., says:·

"While a mere power of sale is discretionary and does not survive the donee of the power, it is otherwise, when the power is coupled with a trust. Then it is taken by the trustees, and through the court of equity may be transmitted to their successors in trust."

In Kortright v. Storminger, 49 Hun, 249, 1 N. Y. Supp. 880, the court, construing the same power, held that it was imperative and general, and although, like all powers in trust, it was discretionary, it could on the death, removal, or resignation of the trustees be executed by a trustee appointed by the court to carry out the trusts created by the will. The element of personal confidence was lacking. Whether the power in trust is confided to the individual is a question of intention to be ascertained from the terms of the trust instrument. Where the instrument provides that the trustees are to act upon their determination of an ascertainable fact the trust is not personal; but, where their action rests entirely upon their personal discretion, no one can be substituted for them. The distinction is clearly set forth in Hull v. Hull, 24 N. Y. 647. The bequest in that case was in trust to pay an annuity of $500, to be increased in their discretion to $1,000, to the testator's son, till he attained the age of 30 years, and to pay all that should remain of principal and accumulated income to the son upon the condition that he should then, in the opinion of the executor, be solvent. The executors renounced, and an action was · brought to construe the will. It was held that the provision for the increase became ineffectual, the discretion being absolute and personal, and that the determination as to solvency of the son at the age of 30 was not personal, as it rested upon a fact readily ascertainable. Judge Wright, at page 651, says:

"It may be conceded that when a matter or thing is to be determined or decided entirely by the personal discretion of one or more parties and they die or refuse to exercise this discretion, there is no way any determination or decision can·be made. That provision of the present will which confides to the discretion of the executor an increase of the annual allowance to the son is of this discription. But where a direction in a will is that the executors or trustees are to do or to determine upon any particular thing, and a rule is given, based upon facts readily ascertainable in the usual manner of legal determination of facts, then it is not a case of pure personal discretion, and the courts will uphold the will, and order the facts, if disputed, to be determined in the usual way. * * * The persons to whom the time, amount and conditions upon which the estate is to be finally disposed of are all plainly fixed by the will."

Applying these rules, it is clear that the power given the executor to pay over to the son any part or all of the principal was personal to the trustee, involving the exercise of his individual choice and discretion. It is made expressly dependent upon the will of the trustee

"with the absolute right and power of deciding." It is not given in aid of a valid trust; but, on the contrary, its exercise would immediately terminate the trust. Neither is its exercise dependent upon the determination of any ascertainable fact. McLean v. McLean, 3 Hun, 395, affirmed by the Court of Appeals 62 N. Y. 627, although not involving the appointment of a substituted trustee is peculiarly in point. In an action for the construction of a will, by which one-fourth of an estate was devised to an executor in trust for life of one of the defendants, with power to convey to defendant at any time when the executor should be satisfied that he would make a prudent and proper use of it, it was held that a portion of an answer praying an adjudication that the executor was satisfied that the defendant would make a prudent and proper use of the estate was properly stricken out on the ground that it was a matter purely discretionary with the executor. See, also, Roosevelt v. Roosevelt, 6 Hun, 31, affirmed 64 N. Y. 651, and Kilburn v. See, 1 Dem. Sur. 353.

For the same reasons the trust to pay over the net income or a part thereof was personal to the trustee. The payment is made dependent upon the "said discretion and judgment" of the trustee, which in the first clause is defined as "his absolute discretion and judgment." The purpose for which it is to be paid is not defined. Neither is the time when or the amount, it being payable "at such times and in such amounts as my said executor shall deem fit and proper." Neither is the term of duration certain. Such part of the net income as the executor determines to pay is to be paid to the son "during his lifetime, or until the termination of the trust as in the third paragraph of this clause of my will provided." It has already been found that the termination of the trust rested upon the personal discretion of the trustee. The part of the income suitable or necessary and the times and amounts in which it was to be paid all resting in the discretion of the trustee are thus closely connected with the personal confidence reposed in the trustee to pay over the principal. By the third clause, which may not be executed by reason of the depth of the trustee he had power to convey "from time to time, to my said son, any part of or all of the principal sum or property then remaining in his hands, together with a proportionate amount of the accumulations or all of the accumulations thereon, if any." This clearly shows the intimate relation of the two clauses. It is a familiar rule of will construction that where a trust is a part of a single scheme, the principal object of which cannot be carried out, the whole scheme falls, and no effect can be given to any part of it. Brown v. Quintard, 177 N. Y. 75, 85, 69 N. E. 225, and cases cited. This is not a case where the income is to be applied to the support and education of a beneficiary and the principal to be paid over at a stated time as in Earle v. Earle, 93 N. Y. 104. Neither is it within the dicta in Rogers v. Rogers, 111 N. Y. 228, 18 N. E. 636, and Haynes v. Sherman, 117 N. Y. 433, 22 N. E. 938, where the trust was to apply so much of the income as may be necessary for such support, maintenance, and education. In those cases the payment of income was not dependent upon the personal discretion of the trustee but upon the ascertainable fact of the reasonable needs of the beneficiary. To divorce the second clause of

this will from the third would be to create a life estate in the whole income of the entire estate, whereas it was clearly the intention of the testatrix to empower the trustee to pay the son such part of the income at such times and in such amounts as was suitable in view of the part of the capital which the husband had already paid over to the son or would pay over in the exercise of his personal power so to do. The discretionary power to pay the principal being personal to the trustee died with him and the principal may not be paid over by a substituted trustee. The power to pay income was dependent upon the same personal discretion. The testatrix has not created an estate in trust for the life of her son. It was only in case her husband during the son's entire life withheld payment of the principal that the son's interest was to be confined to income and in that event the amount of the income was to be determined by the husband. The discretionary power to pay over the principal having terminated, the interdependent power to apply the income is also terminated. The trust, therefore, fails upon the death of the husband upon whose discretion it depended.

The question remains whether the estate thereupon passes to the son, such an intention to be spelled out of the will as a whole, or whether the remainder vested in the next of kin upon the failure of the will, as provided by the statute of distributions. "To uphold a legacy by implication, the inference from the will of the testator's intention must be such as to leave no hesitation in the mind of the court and permit of no other reasonable inference." Bradhurst v. Field, 135 N. Y. 564, 32 N. E. 113. The cases cited by plaintiff in support of his contention are in two classes in neither of which the case at bar falls. In the one class, where there was an express gift of the remainder the enjoyment of which was postponed, the courts have, upon the happening of some contingency which was not provided for, held that the property vested in possession at once as there was an immediate gift by implication. Mead v. Coolidge, 179 N. Y. 386, 72 N. E. 314, Thompson v. Conway, 23 Hun, 621, and Masterson v. Townshend, 123 N. Y. 458, 25 N. E. 928, 10 L. R. A. 816, are all in this class. In each of these cases there was a direct devise in remainder, the vesting of which was accelerated. In Mead v. Coolidge, at page 392 of 179 N. Y., and page 316 of 72 N. E., the court says:

"The only difficulty in the case is that a condition, intermediate between the creation and the eventual vesting of the estate in those designated to enjoy it in remainder, became impossible."

The case of Colvin v. Young, 81 Hun, 116, 30 N. Y. Supp. 689, is also in this class. There was in that case an absolute bequest and payment alone was to be postponed for such time as the executrix should determine. As the gift was absolute and possession could only be deferred by the judgment of the executrix, it was held that the gift necessarily became payable at once upon her death. But that a different rule is applied where there is no disposal of the remainder is pointed out in Mead v. Coolidge, 179 N. Y. 390, 72 N. E. 316, citing Vernon v. Vernon, 53 N. Y. 351, and Brown v. Quintard, 177 N. Y. 75, 69 N. E. 225. In the other cases relied upon by plaintiff there were no apt words used to dispose of the remainder, but a gift is implied by reason of the unlimited disposition of the income. The principal follows

the income. These are cases where there is a gift of the interest, income, or produce of a fund without limitation as to continuance, or without limit as to time. In such cases the trust is construed to pass the fund itself. So in Baker v. McAden, 118 N. C. 740, 24 S. E. 531, the property was simply "in trust for my children," with no limitation whatever. In Matter of Ingersoll, 95 App. Div. 211, 88 N. Y. Supp. 698, and Matter of Hull, 97 App. Div. 258, 265, 89 N. Y. Supp. 939, there was a gift of income without limitation of time as to continuance of the trust.

The will under consideration is not within the first class of cases cited. There is no disposition of the remainder in the event of the death of the husband before the son. There are no apt words from which an intention can be found that the son was eventually to have the property. In fact, he was only to have such part of it and at such times as the husband should decide, "if ever." Moreover, the will is not within the second class, because the trust to pay income is not unlimited as to time, but it is distinctly limited to payment for the benfit of the son "during his lifetime," unless sooner terminated by the exercise of the discretion vested in the trustee. The will is absolutely silent as to the disposition of the principal upon the death of the husband before the death of the son. Under such circumstances Brown v. Quintard, 177 N. Y. 75, 69 N. E. 225, is controlling. The trusts in that case were to pay income for life and upon their termination the principal was to be divided into four parts, and one part paid to one of decedent's four sons. There was no disposition of the remaining three-fourths of the estate. There was also a statement that a reduction was made upon the one-fourth disposed of "in justice to my other children." The court held the decedent died intestate as to three-fourths of the estate. The court says (at page 84 of 177 N. Y., and page 227 of 69 N. E.):

"These circumstances give rise to surmise, conjecture, and argument; but they prove nothing, except the fact that if the testator intended to give three-fourths of the residue to his sons, Mortimer, Alfred, and Oscar, he utterly failed to do so. If we were dealing with this case alone, and not with the law relating to wills, we might, in the interest of justice, permit probabilities to outweigh proofs; but the law must be upheld."

As the testatrix failed to dispose of her estate, it must be distributed under the statute as in the case of intestacy.

The judgment should be modified by striking out the provision directing the defendant to transfer the property to a substituted trustee to be appointed, and by directing the payment over of the funds and securities, two-thirds to the son and one-third to the husband's estate forthwith, and, as so modified, affirmed, with costs to both parties payable out of the trust fund held by the defendant.

PATTERSON, J., concurs.

HOUGHTON, J. (concurring). It seems to me that the will should be construed as giving a bequest by implication to the plaintiff on the death of the trustee, who failed to exercise the discretion vested in him to transfer the corpus of the estate prior to his death. From

the extrinsic facts appearing, it seems plain that the testatrix must have intended that in case of the death of her husband, the executor, the plaintiff, her son was to have her estate. The plaintiff and the testatrix, his mother, were on friendly terms. The property disposed of had come from plaintiff's father, and he and his mother each had a life estate in one-half, and on her death the whole went to him. He released all of his interest to her, so that in fact all that is disposed of by the will came to the testatrix through the plaintiff. I cannot think that the testatrix intended to cut the plaintiff's interest down to a mere life estate, or that she intended to give him nothing, except a life estate, in case her second husband, the executor, should die not having exercised the right to turn it all over to him. The law is repugnant to adjudging that she died intestate, if any other construction can be put upon the will. If the plaintiff is confined to a life estate only, the corpus of the estate still remains undisposed of on his death. There is grave doubt as to the trust being valid. It is indefinite as to term, because the executor had a right to terminate it at any time he saw fit, by turning the entire corpus over to the plaintiff. The executor and trustee having died so, that he could not exercise that discretion, it seems to me that the rules of law will not be violated by a holding that there is an implied bequest of the principal as well as income to the plaintiff, and that by so doing the manifest intention of the testatrix will be carried out.

However, for the purpose of arriving at a decision of the case, I concur in the modification suggested in the opinion of Mr. Justice CLARKE.

INGRAHAM, J. (dissenting). I do not concur in the construction given to this will in the prevailing opinion. I think it was the evident intent of the testatrix to create a trust in favor of her son, which was to last during his life, unless her executor, in the exercise of his discretion, should see fit to terminate the trust by delivering the property to the beneficiary. The death of the executor and trustee has rendered it impossible for this discretion to be exercised; and while it is probable that the testatrix did not contemplate that her husband would die before the time arrived in which this ·discretion was to be exercised, and therefore made no provision for that contingency, still there was a valid trust by which the beneficiary was to receive the income of the testatrix's property during his life, unless the trust was sooner terminated by the trustee. It is also true that the testatrix vested the trustee with a discretion as to the amount of the income to be paid to the beneficiary. But still the trust was for the benefit of her son, and unless the executor actually exercised his discretion, and sooner terminated the trust, the trust was to last during the lifetime of her son. Any accumulations of income would be void under the statute, and would go to the testatrix's next of kin as the owner of the next eventual estate under the statute.

I think, therefore, that the referee correctly determined the question submitted to him, and that the judgment appealed from should be affirmed, with costs.

O'BRIEN, P. J., concurs.