(69 Misc. Rep. 126.)

### JONES v. DODGE et al.

(Supreme Court, Trial Term, Oneida County.   September, 1910.)

TRUSTS (§ 243*)—CONSTRUCTION—POWERS OF SUBSTITUTED TRUSTEE.

A will created an express trust for benefit of testator's children during their lives and authorized his executors and trustees, "whenever they, or any two of them, shall deem it advisable to do so, to pay to either of my children such sum and so much of the principal * * * in case of any contingency which they may deem it safe and preferable for them to do so, and for the interest of said child or either of my said children." Held, that a substituted trustee appointed by the Surrogate's Court to administer the trust, after death or resignation of the executors and trustees, could not exercise the power to pay over part of the principal which was incident to the main purpose of the trust and involved the personal confidence of testator in the executors and trustees he had named in his will.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 350;  Dec. Dig. § 243.*]

Action for construction of a will by C. Lansing Jones, as substituted trustee under the will of George W. Dodge, against Sarah D. Dodge and others.   Will construed.

O. P. Backus, for plaintiff.
Mackie & Hall, for defendant Harry.
D. C. Burke, for defendant Snow.

DEVENDORF, J.   This action is brought by the substituted trustee to obtain a construction of the will creating an express trust and for instructions respecting his authority in regard thereto.

George W. Dodge died March 9, 1881, leaving an estate of upward of $125,000.   February 13th, preceding his death, he made and executed the will in question, which was admitted to probate shortly after his decease by the surrogate of Oneida county.   He left a widow and four children him surviving, all of whom are parties defendant, excepting a son, Nathaniel, who died in 1907, leaving two children, the defendants Grace Harry and George W. Dodge.   Three executors and trustees were appointed by said will and duly qualified and acted as such after the probate thereof until their decease or resignation; all of them having ceased to act prior to November 29, 1892, when the plaintiff was appointed as substituted trustee by order of said Surrogate's Court and has acted as such since that time.

In and by said will the testator gave to his wife an annuity of $500 during her life and authorized said executors and trustees, if in their opinion it should be deemed advisable, to purchase a house and lot

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for her use, not exceeding in value $1,500. He also authorized and empowered them, if they deemed such annuity insufficient, to increase the same to an amount not exceeding $1,000 per annum. The trustees exercised their discretion in favor of the widow in that regard and fixed her annuity at $1,000. He then directed his executors to divide both his real and personal property into fourteen shares and gave and bequeathed to his four children (subject to the bequest to his wife) the use, income, and profit of the same during the period of their natural lives, respectively, in manner following: To his son, Nathaniel Dodge, the use, profit, and income of five of said fourteen shares, and at his death said five shares were by said will bequeathed and devised to his (Nathaniel's) children, share and share alike. The use and income of three of said fourteen shares was willed to each of the daughters in language substantially in form as that used with reference to the five shares to the son.

The testator, after disposing of said fractional shares or parts of his estate as above stated, gave the trustees certain powers in the following language:

"I hereby authorize and empower my executors and trustees hereinafter named to make and execute any deeds, contracts or papers that may be required to carry out the provisions of this my last will, and hereby devise and bequeath to them all of my property in trust and for the sole purpose of carrying out the provisions of this my last will, and hereby authorize and empower them to sell and convey my real estate and to keep my money and property invested so that my children may have the use, benefit and income of the same as above provided.

"I also hereby authorize, empower and direct my said executors and trustees, whenever they or any two of them shall deem it advisable to do so, to pay to either of my children such sum and so much of the principal of which they are to have the use, profits and income as above provided, in case of any contingency which they may deem it safe and preferable for them to do so, and for the interest of said child or either of my said children."

Of the foregoing provisions quoted the plaintiff desires a construction, that he may know whether or not he has the right to make advancements from the several shares to the life beneficiaries. The property was placed in the hands of the trustees in trust for the sole purpose of carrying out the provisions of the will, and the trustees were authorized to sell and convey the real estate and keep the money invested so that the children of the testator might have the "use, benefit and income of the same as above provided."

The trustees were also empowered and directed, whenever they or any two of them should deem it advisable, to pay to either of the children from the principal, of which they were to have the use and income, whenever they deemed it for the interest of the child or children of the testator to do so. He did not leave it to the discretion of a surviving trustee to make advancements beyond the use and income, but provided for the discretion and judgment of at least two of the trustees in the affirmative before that could be done.

I think that the substituted trustee has no power under the will to exercise the discretion which was vested in the original trustees. Whenever power is of a kind that indicates a personal confidence, it must prima facie be understood to be confined to the individual to

whom it is given; and it will not, except by express words, pass to others, to whom by legal transmission the same character may happen to belong. Smith v. Floyd, 124 App. Div. 282, 108 N. Y. Supp. 775; Id., 193 N. Y. 683, 87 N. E. 1127.

If the construction is given as claimed by plaintiff, the substituted trustee would have unlimited power to advance and pay over to the life beneficiaries so much of the principal as he may see fit. He may turn the whole estate to them and away from the grandchildren. I think that would be contrary to the intention of the testator. The scheme of the will and the intention which seems to have been dominant in his mind, after providing as stated for his widow, was to restrict the children to the life use and income of the respective shares given them; but, in case his three trustees, or a majority of them, should have deemed it advisable to take from the principal, then that power was given them.

I think the exercise of such power is limited, and intended to be limited, to the trustees named. The testator relied upon the discretion of the trustees. The case of Rogers v. Rogers, 111 N. Y. 228, 18 N. E. 636, is not in point, because there the authority given to the trustees to appropriate part of the principal to the support of the testator's wife and mother and to the maintenance and education of the children was conditioned upon the income proving to be insufficient for those purposes, and the court had from time to time passed upon the question of insufficiency and directed that portions of the principal be so applied. The fact of insufficiency was made the test, and not the judgment or discretion of the trustees.

The primary object of the trust in the case at bar is to conserve the estate, pay to the children of the testator the income as designated, and to carry it over to his grandchildren. Incident to it was discretionary power given to the trustees named to advance from the principal, in case they deemed it necessary, for the benefit of the testator's children. He intended that that discretion should be exercised only by a majority of their number.

An administrator with the will annexed cannot execute a discretionary power of sale vested in executors. He succeeds to the power of sale given to the executor only when the discretion to sell is imperative. Cooke v. Platt, 98 N. Y. 39; Mott v. Ackerman, 92 Id. 539.

In Hull v. Hull, 24 N. Y. 647, it was held that under a bequest of personal property to executors in trust to pay an annuity of $500, to be increased, in their discretion, to $1,000, to the testator's son when he attained the age of 30, and to pay all that should remain of principal and accumulated income to the son upon the condition that he should then, in the opinion of the executors, be solvent, the executors having renounced, the provisions for the increase for the son's annuity became ineffectual, the discretion being absolute and personal; but that the determination as to the solvency of the son at the age of 30 was not a matter of personal discretion but rested upon a fact which could be judicially ascertained, and, therefore, effect could be given it not withstanding the renunciation of the trustees.

Where special confidence is reposed in an individual as distinct from

his office, as that the execution of the trust or power in trust is made expressly dependent upon the will of the trustee, it is necessarily personal and discretionary and does not pass to the substituted trustee. Coleman v. Beach, 97 N. Y. 545; Benedict v. Dunning, 110 App. Div. 303, 97 N. Y. Supp. 259.

I am of the opinion, therefore, that the language above quoted, taken from the third clause of the will, gave a power to the executors which was personal and one of confidence and trust and cannot be delegated to or assumed by a substituted trustee.

It is true that two of the executors were old men and the opportunity for advancement might extend over a long period. This, however, does not permit us to change the language of the will. It was evidently the intention of the testator that advancements could be made only when a majority of the trustees deemed it advisable. That was necessarily a condition precedent to such payment; and it may be inferred from the language of the will that advancements from the corpus of the estate and beyond the income of the respective shares were not regarded by the testator as of great importance, but, rather, it appears that his uppermost wish was to restrict the bequests to his children to the income or use of the shares mentioned and carry the estate on to the grandchildren.

I have therefore come to the conclusion that the substituted trustee has not the power given by the will to the trustees named therein. Findings and conclusions may be prepared accordingly.

The taxable costs of the parties who have appeared should be allowed and paid from the estate.

Judgment accordingly.