In the Matter of the Judicial Settlement of the Account of CHARLES F. SPENCER, as Executor, etc., of CHARLES N. DIXON JONES, Deceased.

Surrogate's Court, Bronx County, November, 1922.

**Trusts — wills — when discretion as to disbursement of trust funds does not pass to substituted trustee — proper payments by executor to trustee.**

Where a testamentary trustee is invested by the will with a personal discretion as to the manner in which three trust funds should be disbursed for the benefit of each of testator's three minor children, that discretion does not pass to a substituted trustee.

Where the construction is warranted that three valid trusts, each consisting of one-third of the residuary estate, were established for each of said children and that each trust ends either upon the death of the trustee or upon the death of the child for whose benefit it was set up, unless sooner terminated by the disbursement of the fund, the aggregate amount paid by the executor to the maternal grandmother of the children, as trustee under the trusts, was on account of such three trusts, one-third thereof for the benefit of each infant, and should be so charged in the decree settling the account o the executor.

PROCEEDINGS on judicial settlement of account.

*Edgar A. B. Spencer,* for executor.

*Hamilton & Freeman,* for trustee.

*Charles Stein,* special guardian.

Surrogate's Court, Bronx County, November, 1922.          [Vol. 119

SCHULZ, S.   The special guardian in his memorandum states that he does not press any of the objections filed by him except those involving items aggregating $5,645.86 paid to the maternal grand-mother of his wards as trustee under the trusts set up in the will of the decedent, and the objection referring to arithmetical errors appearing in the account.   The summary statement contained in the account does not agree with the amounts of the schedules and there is an error in addition in Schedule A.   These mistakes are obvious and may be corrected in the decree.

With reference to the trusts, he contends, however, that there is a doubt as to the meaning, effect and construction of the testator's will and that it is necessary to determine whether or not the aggre-gate amount above referred to was properly paid to the trustee and to whom the residuary estate belongs.

The intent of the decedent is clear.   He wished the maternal grandmother of his children to receive the three trust funds referred to in paragraph 3 of his will for the use and benefit of his three minor children, respectively, and to disburse each of said trust funds in any manner which, to her, seemed for the best interests of said children.   Such intent must be given effect if it lawfully can be done and that depends upon whether the trusts which the decedent attempted to create are valid.   This is not a case where the income only is given to the beneficiary without limitation and with no disposition of the principal, and where, as correctly urged by the special guardian, it has been held that an absolute gift of the principal results.   *Matter of Sackett*, 201 App. Div. 58, and cases cited; *Earl* v. *Grim*, 1 Johns. Ch. 494.   Here the decedent invested his trustee with a personal discretion as to the manner in which the trust fund should be disbursed for the benefit of each child, and that discretion was not one that would pass to a sub-stituted trustee.   *Benedict* v. *Dunning*, 110 App. Div. 303; *Jones* v. *Dodge*, 69 Misc. Rep. 126; *Coleman* v. *Beach*, 97 N. Y. 545; *Smith* v. *Floyd*, 124 App. Div. 277, 283; revd., 193 N. Y. 683; *Baker* v. *McAden*, 118 N. C. 740.

In my opinion the construction is warranted that three valid trusts were established, each consisting of one-third of the residuary estate, one for each of the decedent's children, and that each trust ends either upon the death of the trustee or upon the death of the child for whose benefit it was set up (*Benedict* v. *Dunning, supra,* citing *Baker* v. *McAden, supra*) unless sooner terminated by the disbursement of the fund, and I so construe the will.   The amounts paid to her were on account of such three trusts, one-third thereof for the benefit of each infant, and should be so charged in the decree.

It is not necessary now to determine to whom the balance of principal and accrued income not disbursed when the respective trusts end goes, and it may never become necessary to make such determination.   At all events, it should not be done until the final accounting of the trustee is made and all of the parties interested at that time are before the court.   It follows that the payments objected to were correctly made to the trustee and that the objection must be dismissed.   Settle decision and decree on notice accordingly.

Decreed accordingly.