In the Matter of the Accounting of FREDERICK T. WALKER, as TRUSTEE under the Will of HUGH C. Fox, Deceased.

Surrogate's Court, New York County, December 30, 1942.

*Nathaniel S. Corwin* for Frederick T. Walker, as trustee, etc., petitioner.

*Dudley Miller* for Hugh Corby Fox, Jr., respondent.

*Edward M. Swinburne,* special guardian for infant remaindermen.

DELEHANTY, S. On this accounting leave is granted to the sole acting trustee to resign. The substituted trustee desired by the parties will be appointed in his stead. The court holds that the provisions of paragraph tenth of the will confer a personal discretion exercisable only by the individual trustees originally appointed by the deceased; and holds that such discretion may not be exercised by the successor trustee so far as it relates to the payment of any portion of the principal of the trust to the income beneficiary. (*Benedict* v. *Dunning,* 110 App. Div. 303; *Jones* v. *Dodge,* 69 Misc. 126; *Security Co.* v. *Snow,* 70 Conn. 288; *Whitaker* v. *McDowell,* 82 Conn. 195; *Safe Deposit*

*Co.* v. *Ellis,* 136 Md. 334; 26 Ruling Case Law, Trusts, § 201; 126 A. L. R. note p. 93.) The will vested in the individual trustees only, a discretion to make such payments to the income beneficiary. They could make them in their discretion only if they deemed it advisable for the " good and benefit " of the income beneficiary. That the discretion was vested in them as individuals only is made clear by the text used by deceased when he said in respect of payments of principal: " It is expressly understood that these payments are to be made only at the discretion of my trustees *heretofore named.*" (Italics supplied.) In the clearest fashion therefore deceased made plain that only the individuals to whom he committed his estate should have power to determine what was good or beneficial to the income beneficiary; and that only they could in their discretion encroach upon the principal of the fund.

Deceased's ultimate purpose was to benefit the widow and issue of his son, the income beneficiary. Accordingly the principal balance in the trust fund will eventually pass to them since the power to invade any portion of the principal for the benefit of the life beneficiary is terminated by the resignation now accepted.

Upon the filing of an affidavit bringing the account down to date, a decree settling the account, accepting the resignation of the retiring trustee and appointing his successor will be signed.

Proceed accordingly.