ROYAL P. MEAD, Appellant, v. JONATHAN M. COOLIDGE et al.,
as Executors of GEORGE W. LEE, Deceased, et al.,
Respondents.

WILL — WHEN DEATH OF CESTUI QUE TRUST BEFORE THAT OF BENE-
FICIARIES OF OTHER TRUSTS, THE PRINCIPAL OF WHICH WAS DIRECTED
TO BE ADDED, UPON THEIR DEATH, TO HIS FUND, DOES NOT RESULT IN
FAILURE TO DISPOSE OF IT, ALTHOUGH TESTATOR DID NOT EXPRESSLY
PROVIDE FOR SUCH CONTINGENCY.    Where four independent trust estates
are created by a will devising the whole of a residuary estate to executors
for that purpose, one of which is for the benefit of testator's son, and upon
the death of the other beneficiaries the *corpus* of the trust estate of each is
to be added to that of the son's, and upon his death his trust fund is to be
paid to the next of kin of testator then living, the latter direction to be
applicable and regulate the distribution of the other trust funds as they
may from time to time be added " to the trust fund designated for my
son," and if the son predeceased testator his fund to be paid to testator's
next of kin at the time of testator's death — upon the death of the son after
the testator but before that of the beneficiaries of the other three trusts, the
principal of each fund passes to testator's next of kin : the fact that the
principal could not be added to that of the son's and that such contin-
gency was not expressly provided for in the will, does not result in a
failure by the testator to dispose of it, inasmuch as it is clear from all
the provisions of the will that in the event of his son's death the testator
intended that the whole of his residuary estate should pass to his next
of kin.

*Mead* v. *Coolidge*, 92 App. Div. 615, affirmed.

(Argued October 27, 1904; decided November 15, 1904.

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered
March 16, 1904, which affirmed a judgment of Special Term
construing the will of George W. Lee, deceased.

The will of George W. Lee, who died on May 7th, 1901,
provided for the disposition of his residuary estate as follows :
" Sixth. All the rest and residue of my estate whatever, both
real and personal, and wherever situate, I give, devise and
bequeath to the executors hereof, in trust, however, to use and
dispose of the same as follows, viz.: The said executors (as
trustees) shall at once divide said ' rest and residue ' into four

separate trust funds and they shall thereupon designate one of such funds for my brother, James Lee, another for my sister, Sarah Snyder, another for my sister, Nancy Holland, and the other for my son, Forest T. Lee. Each of the trust funds designated for my brother and sisters shall be of such an amount as shall be deemed by the said trustees amply sufficient to produce a net income of three hundred dollars ($300) per year. The trust fund designated for my said son shall include all of such 'rest and residue' which shall remain after taking therefrom the amounts necessary to provide the three funds for my brother and sisters," etc.

The seventh paragraph directed the investment of the trust funds for his brother and sisters; the payment to each beneficiary of the sum of three hundred dollars per year, and that the surplus income of each trust fund should be added to the income of the trust fund to be designated for his son and should be disposed of in the manner directed for the income of that fund. It then provided that, " Upon the death of the beneficiary (my brother or sister) for whom the trust fund shall have been designated, the principal of said trust fund shall be added to the principal of the trust fund to be designated for my said son, and thereafter shall be held, used and disposed of by the said trustees in the manner hereinafter provided for the disposition of the principal of the said trust fund to be designated for my son." In the ninth paragraph, the principal of the trust fund designated for the son, upon his death, was to be paid over to the next of kin of the testator and he, further, directed that, " The provisions in this paragraph contained, providing for the final disposition of the principal of the trust fund to be designated for my son, shall be construed to apply to and regulate the disposition of the principal of the trust funds to be designated for my brother and sisters, as such last mentioned trust funds may from time to time be added to the trust fund designated for my son." The tenth paragraph provided for the disposition of these trust funds, in the event that the testator's son should not survive him, in the following language : " *Tenth.* In the event

that my said son, Forest T. Lee, shall not survive me, I give, devise and bequeath to my next of kin * * * the portion of my estate which, if my son had survived me, would have constituted the trust fund hereinafter directed to be designated for him; including herein the principal of each of the trust funds mentioned in the 'Seventh' paragraph thereof, upon the death of the beneficiary for whom such fund. shall have been designated, and also the principal of the trust fund mentioned in the 'Fourth' paragraph hereof, in the event of the death of said Kate Ide, before she shall arrive at the age of twenty-one years."

The testator left him surviving a son, his only child, and, as his next of kin, the brother and two sisters mentioned in his will and certain children of other brothers and sisters. The son died unmarried and intestate, in February, 1902. Nancy Holland, the sister, died in March, 1902. The brother, James Lee, died in October, 1902. The other sister, Mrs. Snyder, still survives. The plaintiff is a brother of the testator's first wife, who was the mother of Forest Lee, testator's only child, and he has brought this action for the construction of the will; claiming that, as to the three trust funds created by the testator for his brother and sisters, he died without having disposed of them, in the event that has actually happened. Judgment was rendered against his contention by the trial court and that judgment the Appellate Division, in the third department, has affirmed.

*A. Armstrong* for appellant. The following language in paragraph 9 of the will, to wit: " The provisions in this paragraph contained, providing for the final disposition of the principal of the trust fund to be designated for my son, shall be construed to apply to and regulate the disposition of the trust funds to be designated for my brother and sisters as such last-mentioned funds may from time to time be added to the trust fund designated for my son," etc., does not constitute a gift, either express or implied, the son having died after the father and before the brother and sisters. ( *Vernon* v. *Vernon*, 53 N. Y.

351; *Brown* v. *Quintard*, 177 N. Y. 75; *Bradhurst* v. *Field*, 135 N. Y. 564; *Post* v. *Hover*, 33 N. Y. 594; *Scott* v. *Guernsey*, 48 N. Y. 106; *Quinn* v. *Hardenbrook*, 54 N. Y. 83; *Lynes* v. *Townsend*, 33 N. Y. 558.) The testator never contemplated, considered or thought of the contingency that has happened, and, therefore, could have had no intent as to the final disposition of the three trust funds. (*Bradhurst* v. *Fifield*, 135 N. Y. 564.)

*Edward M. Angell* for Sarah J. Snyder et al., respondents. The trust funds created for testator's brother and two sisters were adequately disposed of by the will, and as to such funds testator did not die intestate. (*Matter of Russell*, 168 N. Y. 169.) The law favors a construction of the will which will prevent partial intestacy, and the fact of making a will raises the presumption that the testator did not leave, or desire to leave, any portion of his estate beyond the operation of his will. (2 Redf. on Wills, 442; *Schult* v. *Moll*, 132 N. Y. 122; *Johnson* v. *Brasington*, 156 N. Y. 181; *Provoost* v. *Calyer*, 62 N. Y. 545; *Vernon* v. *Vernon*, 53 N. Y. 351, 361; *Jones* v. *Hand*, 78 App. Div. 56; *Hughes* v. *Macklin*, 16 App. Div. 291; *Meehan* v. *Brennan*, 16 App. Div. 395; *Haight* v. *Pine*, 3 App. Div. 434; *Thomas* v. *Snyder*, 43 Hun, 14.) It is a familiar rule of construction that where a will contains impossible, repugnant, inconsistent or *malum prohibitum* conditions, they may be disregarded and the property directed to pass as if they had not been contained in the will. (*Campbell* v. *Rawdon*, 18 N. Y. 412; *Lottimer* v. *Blumenthal*, 61 How. Pr. 360; 26 Hun, 153; *Jackson* v. *Robin*, 16 Johns. 537; *Wager* v. *Wager*, 96 N. Y. 164; *Merrim* v. *Wolcott*, 61 How. Pr. 377; *Whiton* v. *Snyder*, 54 Hun, 552; *Burns* v. *Clark*, 37 Barb. 496.)

*C. H. Sturges* for A. A. Howard as administrator of the estate of Nancy Holland, deceased, respondent. The principal of each of the four trust funds created by the will for testator's son, brother and two sisters respectively vested upon

the death of testator's son, Forest T. Lee, in the persons who would have been testator's next of kin had his death occurred at the same time. (*Manice* v. *Manice*, 43 N. Y. 303 ; *Shipman* v. *Rollins*, 98 N. Y. 311 ; *Williams* v. *Jones*, 106 N. Y. 522 ; *Matter of Baer*, 147 N. Y. 348.)

*Stephen Brown* for executors, respondents.

GRAY, J. I entertain no doubt as to the correctness of the judgment in this case. It is not reasonably possible, upon the reading of this will, to say that the testamentary scheme is not manifest. It is clear that the testator purposed, in the event of his son's death, that all of the residuary estate, of which he was disposing, should go to his next of kin ; a description which, in the event of his having descendants, should be restricted to them ; as he, specifically, directs in the eleventh clause. The event that has happened is the death of his son, childless, before that of either of testator's brother or sisters ; for whom the trust funds in question were created. This fact furnishes the basis for the appellant's argument that the situation, which, actually, arose, has not been provided for. In effect, it is argued that there is no express gift, and none can be implied, of the three trust funds in the event which has happened and, hence, as to so much of his residuary estate, the testator has died intestate. It is true, of course, that the particular event, which has happened, is not described in the will and that we may infer that the testator did not suppose that his son would fail to survive the older lives ; but that will not suffice to defeat the evident testamentary scheme. This is not like the cases, to which the appellant refers us and which *Vernon* v. *Vernon*, (53 N. Y. 351), and, more recently, *Brown* v. *Quintard*, (177 N. Y. 75), conspicuously, illustrate, where there was no gift whatever of the remainder. If we consider the seventh clause, we find this provision for the disposition of the trust funds, created for the testator's brother and sisters, upon the death of a beneficiary : namely, that " the principal of the trust

fund shall be added to the principal of the trust fund to be designated for my said son and thereafter shall be held, used and disposed of by the said trustees in the manner hereinafter provided for the disposition of the principal of the said trust fund to be designated for my son." There is no dispute about the right of the testator's next of kin to the principal of the son's trust fund under the provisions of the ninth clause, which contains the gift to them, and, in that clause, we have the pertinent language, that the provision for the final distribution of the principal of the son's trust fund "shall be construed to apply to and regulate the distribution of the principal of the trust funds for my brother and sisters, as such last mentioned trust funds may from time to time be added to the trust fund designated for my son," etc. Then, in the tenth clause, we find the testator providing, if his son should not survive him, for the gift to his next of kin of " the portion of my estate which   \*   \*   \*   would have constituted the trust fund hereinbefore directed to be designated for him; including herein the principal of such of the trust funds mentioned in the 'seventh' paragraph hereof, upon the death of the beneficiary." Now these various provisions would, without any doubt whatever, imply the gift in remainder of the several trust funds to the testator's next of kin, were it not that, in the seventh and ninth clauses, the direction is contained, or the fact is assumed, that, upon the death of a beneficiary, his, or her, trust fund should be added to the son's trust fund. Hence, the contention of the appellant that, as the son's trust fund, by reason of the event of his earlier death, is non-existent, the inability to comply with the direction of these clauses, by the prior addition of each trust fund, as it fell in, to the son's fund, results in a failure to have made a final disposition thereof. There may be room for such an argument; but I do not perceive its force. While the courts will not make wills for testators, whose testamentary expressions are unintelligible, or hopelessly conflicting, or defective to so great an extent as to come under the condemnation of accepted rules for the construction of wills,

they will adopt a meaning which effectually and lawfully disposes of the property according to a manifest intention of the testator. The only difficulty in this case is that a condition, intermediate between the creation and the eventual vesting of the estate in those designated to enjoy it in remainder, became impossible. It could not be added to the trust estate created for the testator's son; for that had fallen in and had been disposed of. But, evidently, that was not of the essence of the testator's gift. At most, it must be regarded as incidental to the testator's plan and as measuring a period of time, within which the rights of the testator's next of kin would still be contingent. We have observed that that class was to take, if the testator's son failed to survive him, and that is, in my judgment, such conclusive evidence of an intention to give all of the residuary estate to the testator's next of kin, if he had no descendants through his child, as to support a gift by implication in the event, which has now happened, of his son's failing to outlive the periods of the trust estates created for his uncle and aunts. The condition that they should, severally, be added to the son's estate became impossible of performance and as, in itself, it was not one essential to, but merely suspensive of the vesting of, the gift, it should be disregarded. If a minor part of the testamentary plan, as I think it to be, it must be subordinated to the effectuation of that plan.

We might hold, from the irresistible evidence of the testator's intention, that there was a gift by implication, of the trust estates as they fell in; or, perhaps more correctly, that the direction in the seventh and ninth clauses was not an essential condition of a right in the next of kin to take and that the prior death of the son, merely, accelerated the vesting of the estates in the members of that class.

For these reasons, I advise the affirmance of the judgment. Under the circumstances I think no costs should be awarded.

CULLEN, Ch. J., O'BRIEN, MARTIN and WERNER, JJ., concur; BARTLETT and VANN, JJ., not voting.

Judgment affirmed.