In the Matter of the Accounting of EFFIE S. FISHER, as Executrix of KATHRYN H. BIEN, Deceased, Petitioner.

Surrogate's Court, Westchester County, April 5, 1943.

James *G. Bagg* for Kathryn H. Bankey and Effie S. Fisher, individually and as executrix.

MILLARD, S. Upon the petition for a judicial settlement of the final account of Effie S. Fisher, as executrix under the will of this decedent, the executrix requests a construction of the " First " clause of the will, which reads as follows: " First: After my lawful debts are paid I give, devise and bequeath all my property real, personal and mixed wherever situated absolutely and in fee to my beloved husband, ABRAHAM J. BIEN, provided, however, that in the event that my beloved husband, ABRAHAM J. BIEN, die by reason of any disease, pestilence or disaster common to both him and me, then I give and bequeath all of my said estate equally, share and share alike, to my beloved niece, KATHRYN H. BANKEY, residing at #49 St. Charles Street, Belleville, Ontario, Canada, and my beloved cousin, EFFIE S. FISHER, residing at #111 Clinton Place, Utica, New York."

The testatrix died April 4, 1942, a resident of this county. Her will dated June 19, 1930, was admitted to probate in this court on June 5, 1942, and letters testamentary were issued on the same date to the petitioner herein, who is a cousin of testatrix and one of the legatees named in the above-quoted paragraph of her will. The testatrix left her surviving two nieces, Kathryn H. Bankey and Luella M. Hanna, as her sole distributees. Abraham J. Bien, the husband of the testatrix, died on July 21, 1931.

In construing the above provision of the will the court must ascertain the intention of the testatrix from a reading of her will in its entirety. (*Livingston* v. *Ward,* 247 N. Y. 97.) In determining such intention the general scheme of the will must be considered, and the intention, to which effect is to be given, should be one harmonizing with that scheme, where no rule of law is contravened thereby. (*Riker* v. *Cornwell,* 113 N. Y. 115; *Matter of Bergdorf,* 206 N. Y. 309.)

In the instant case, the general scheme of the will is apparent. It is evident that the testatrix intended to give her entire estate to her husband, provided he should survive her, but in the event he should not so survive, irrespective of the cause of death, then she desired her entire estate to be divided equally between her niece Kathryn H. Bankey and her cousin Effie S.

Fisher. It is significant and indicative of such intent that the testatrix made no mention in her will of her other niece, Luella M. Hanna. Although the words selected by the testatrix cannot be ignored (*Matter of Durand,* 250 N. Y. 45), such effect must be given to them as will harmonize with the apparent intention of the testatrix. (*Williams* v. *Jones,* 166 N. Y. 522.) In that case the Court of Appeals said, at page 533: "If a general scheme is found to have been intended, which is valid, it is the duty of the court to carry it into execution and thus effectuate the purpose of the testatrix. When the intention is ascertained, the mode of expression, or an inadvertent omission in some particular, should be subordinated to the intent without regard to technical objections if in harmony with the general scheme and purpose of the will. The primary effort should be to find the testatrix's general scheme and carry her purpose into effect, to which even general rules of interpretation are subservient." To effectuate the apparent intention of this testatrix, the court has power, and it is its duty, to reject words and limitations, or to supply them if necessary. (*Matter of Gallien,* 247 N. Y. 195.) The evident intent of this testatrix as herein determined may be carried out by the interpolation of the missing words, "should not survive me or should", preceding the word "die". (*Matter of Browning,* 165 Misc. 819, affd. 254 App. Div. 843, affd. 281 N. Y. 577; *Matter of Healy,* 255 App. Div. 361; *Matter of Smith,* 263 App. Div. 588, affd. 289 N. Y. 667.)

The conclusion thus reached is supported by the general principle of law and canon of construction, frequently stated by the courts, that an interpretation of a will that will result in intestacy in whole or in part is to be avoided if at all possible. (*Waterman* v. *N. Y. Life Ins. & Trust Co.,* 237 N. Y. 293; *Matter of Ossman* v. *Von Roemer,* 221 N. Y. 381, 387; *Meeks* v. *Meeks,* 161 N. Y. 66, 70.)

I therefore hold that the entire estate passed under the will of the testatrix to her niece Kathryn H. Bankey and to her cousin Effie S. Fisher, in equal shares.

Submit decree accordingly.