[No. 30836. Department Two. April 22, 1949.]

JAMES W. ELDER, SR., as *Executor, et al., Appellants,* v.
SEATTLE FIRST NATIONAL BANK, BELLINGHAM
BRANCH, as *Trustee, et al., Respondents.*[1]

*Wright & Wright,* for appellants.

*Clinton H. Hartson, Douglas D. Mote,* and *Harry M.
Andrews,* for respondent Edna Welter.

GRADY, J.—On March 3, 1930, Joseph Welter made a will
in which he gave, bequeathed and devised all of his estate
to the First National Bank at Bellingham, Washington (now
the Seattle First National Bank, Bellingham Branch), here-
inafter referred to as the "trustee," in trust for the uses
and purposes set forth therein. On the 8th day of Septem-
ber, 1932, Joseph Welter died, leaving surviving him Anna
Welter, his wife, and Herbert A. Welter, his son, who was

[1]Reported in 204 P. (2d) 1068.

then about twenty-four years of age and a bachelor. The will was admitted to probate. In due course of administration, the estate was closed and the property was distributed to the trustee in trust to be further distributed by it in accordance with the terms of the will.

Herbert A. Welter and Edna Welter were married May 4, 1943. No children were born to the marriage. Herbert A. Welter died October 24, 1944, leaving Edna Welter surviving him. Anna Welter, the surviving widow of Joseph Welter, died September 1, 1947, leaving surviving her three sisters, Emma Elder, Rose Evans, and Mary Raymond.

This action was commenced by Emma Elder and Rose Evans and thereafter maintained by James W. Elder, Sr., executor of the estate of Emma Elder, deceased, and Rose Evans, individually and as executrix of the estate of Anna Welter, deceased, against the trustee and Edna Welter, individually and as the administratrix of the estate of Herbert A. Welter, deceased, to enjoin and restrain the trustee from distributing the corpus of the trust to Edna Welter and to have the will of Joseph Welter construed by the court.

The respective defendants filed appropriate pleadings, and upon the trial of the action the court made findings of fact and conclusions of law, and entered a judgment dismissing the action of the plaintiffs and adjudging that all of the remainder of the estate of Joseph Welter, deceased, held in trust by the trustee was held in trust solely for the defendant Edna Welter, individually, and directing that such estate be distributed and delivered to Edna Welter free from the trust. The plaintiffs have appealed from this judgment.

The provisions of the will of Joseph Welter, so far as are necessary for a determination of the questions raised on this appeal, are in substance as follows: The testator directed the trustee to pay to his wife, Anna Welter, specified sums of money on the first day of each and every month during her natural lifetime, and upon her death the trustee was directed to pay to Herbert A. Welter, provided he then had attained the age of thirty-five years, the net income

arising out of the estate. The trustee was further directed, in the event the mother of Herbert A. Welter be living when he attained the age of thirty-five years, to pay to him out of the net income of the estate the sum of one hundred dollars per month until the death of his mother, and then and thereafter to pay to him the net income arising and accruing out of the estate. The third article of the will, which presents the questions to be determined upon this appeal, is as follows:

"Upon the death of my said beloved son, Herbert A. Welter any and all remainder of the estate then in the hands of the Trustee shall be distributed to the issue of him the said Herbert A. Welter, and in the event there shall be no issue surviving him the said Herbert A. Welter, then said estate shall be distributed to the wife of him the said Herbert A. Welter, and if there be no wife surviving him, the said Herbert A. Welter, then said estate shall be distributed to the heirs at law of him the said Herbert A. Welter as provided by the statutes of the State of Washington in relation to the estates of intestates."

Herbert A. Welter reached the age of thirty-five years on January 13, 1943; and from that date until the time of his death, which occurred October 24, 1944, the trustee paid to him the sum of one hundred dollars per month.

It is the contention of the appellants that, Anna Welter having survived her son, Herbert A. Welter, and he having died without issue, the trust created by the will of Joseph Welter terminated, and by its third article quoted above the trustee was directed to dispose of the remainder of the trust to the issue or wife of Herbert A. Welter only in the event he survived his mother, Anna Welter, and not having done so, the property must be distributed in accordance with the laws of intestacy. The adoption of the construction placed upon the will by appellants would result in one half of the remainder being distributed to them through the estate of Anna Welter and one fourth thereof to them and one fourth thereof to Edna Welter through the estate of Herbert A. Welter. The respondent trustee has adopted a neutral position and has requested instructions from the court as to the disposition to make of the estate in its pos-

session. The respondent Edna Welter also claims that, upon the death of Anna Welter, the trust terminated, but contends all of the property of the estate should be distributed direct to her.

The arguments of respective counsel in their briefs and before the court have taken a very wide range and many interesting questions have been ably presented and discussed, and a lengthy opinion might be written if we entered into a discussion of them; but we believe this would serve no useful purpose, in view of the conclusion we have reached as to the true meaning of the will, the intention of the testator, and the objectives he desired to attain.

■ We can follow and agree with counsel for appellants in their argument that the purpose of the court, when called upon to construe a will, is to determine the intention of the testator; that such intention must, if possible, be ascertained from the terms of the will itself; and that the will must be considered as an entirety and effect given to every part thereof. We agree also that the language of the will now before the court is clear and unambiguous, but we cannot accept the view that, because the testator did·not in express words state what disposition he desired to be made of the trust estate in the event Herbert A. Welter did not survive his mother, Anna Welter, it must follow that, upon her death, the trustee should distribute the trust property in its hands in accordance with the laws of intestacy.

■ The testator outlined a definite plan of the use he wanted made of his estate during the lives of his wife and son and of its succession thereafter. He made no provision for any deviation from that plan in the event any intermediate beneficiary between his wife and the heirs of his son should die before the death of his wife. This omission does not affect the carrying out of the plan of the testator by the happening of such an event. Under the clear meaning of the will, it became the duty of the trustee, upon the death of Anna Welter, to distribute the property on hand to Edna Welter, the surviving wife of Herbert A. Welter, he being deceased and leaving no issue.

In construing the will of Joseph Welter, we have not been assisted by any case decided by this court or the courts of any other state, except those hereinafter referred to decided by the courts of the state of New York. The cases cited by counsel and those found by us as the result of our independent research do not present the precise situation now under consideration. The nearest approach to our problem, as it appears to us, is to be found in the following cases: *Williams v. Jones*, 166 N. Y. 522, 60 N. E. 240; *Mead v. Coolidge*, 179 N. Y. 386, 72 N. E. 314; *In re Fordham's Will*, 235 N. Y. 384, 139 N. E. 548; *In re Whitmore's Will*, 45 N. Y. S. (2d) 694.

The foregoing cases are factually different from the one before us, but they are based upon the idea that, when a testator sets forth in his will a plan of succession of his property whereby a series of beneficiaries are provided for either by way of receiving the income from such estate or the corpus of the property thereof in a certain prescribed order, the fact that one of the intermediate beneficiaries may die before the death of the one he would have succeeded had he lived, does not divert the course of succession from the next available beneficiaries in their prescribed order to those who might take in the event of intestacy.

We have reached the conclusion that the testator, Joseph Welter, intended, when he made his will and codicil thereto, that if his wife, Anna Welter, survived him, she should have paid to her by the trustee the monthly sums prescribed during her natural lifetime; that if his son, Herbert A. Welter, survived his mother, he should receive the net income of the estate during his lifetime; that upon the death of Herbert A. Welter, the remainder of the estate then in the hands of the trustee should be distributed to his surviving issue, but in the event he did not survive his mother and left no children surviving him, then the remainder of the estate should be distributed to his widow, if one survived him. The respondent Edna Welter, being the surviving widow of Herbert A. Welter, is entitled to

have distributed to her the net remainder of the estate of Joseph Welter in the hands of the trustee.

The judgment is affirmed.

JEFFERS, C. J., ROBINSON, SIMPSON, and SCHWELLENBACH, JJ., concur.