Joseph A. Cox, S.
The trust here accounted for was created by the article of decedent’s will designated Fifthly and is comprised of the residuary estate. The income beneficiary, testatrix’ sister upon whose life the trust was measured, has died and the court is asked to determine the disposition that now is required to be made of the trust remainder. The pertinent text of the will reads: “At her death, if she shall survive me, or at my death in case she shall not then be living, I give the said trust fund, as the same shall then be constituted, and I direct the trustee thereof to convey, transfer and set over the same to the descendants then living of my said sister, per stirpes and not per capita, and if there shall not then be any such descendants, I give the said trust fund, and direct the trustee thereof to convey, transfer and set over the same, in equal shares, to my said cousins Mercedes and Marie Louise De Florez, and if either of them shall have died leaving issue, such issue shall take the share which his, her or their parent would have taken if then living, but if there shall be no such issue then surviving, the survivor of my said cousins shall take the whole of said trust estate.”
The income beneficiary died without descendants. She was predeceased by the two cousins who are mentioned in the above quoted testamentary provision. Mercedes De Florez, one of the cousins, died in 1936 without issue but the other cousin, Marie Louise De Florez who died in 1951, left descendants who survived the trust’s termination.
Under these circumstances of survivorship the will disposes of at least one half of the trust remainder inasmuch as it provides that upon the death of the income beneficiary "without descendants one half of the trust remainder be paid to Marie Louise De Florez and in the further event of her death leaving issue that such issue receive the share which “their parent would have taken if then living ”. The questions as to whether the issue acquiring this remainder interest are to be identified upon a stirpital or a capital basis will be considered at a later point in this opinion in view of the contention that such interest is not limited to a half portion of the remainder but extends to the entire fund.
*21 The income beneficiary of the trust was the sole intestate distributee of the testatrix and it is plain that the primary purpose of the testatrix in disposing of her residuary estate was to provide for her sister and upon the latter’s death for her descendants. The possibility that the sister, unmarried at the date of the will, might die without issue was anticipated by the testatrix and an alternative bequest of the trust remainder to the two named cousins was provided. It is to be noted that the sister and the cousins received bequests under prior provisions of the will and they are the only beneficiaries mentioned by name throughout the instrument. Having to this extent provided for these relatives the testatrix still was aware of the uncertainty of life and, apprehensive of further contingencies, she accordingly directed that in the event of the death of a cousin during the trust period, the share to which such cousin would be entitled if living be paid to her issue. Had the testamentary directions stopped at this point it could be said that the rationale of Matter of Krooss (302 N. Y. 424) would be applicable and that each cousin had a remainder interest subject to defeasance only in the event that she failed to survive the income beneficiary and, upon the latter’s death, there were neither descendants of the beneficiary nor issue of this cousin then living. But the testatrix did not intend this result for she added the further and final disposition that in the absence of issue of a deceased cousin the survivor of the cousins take the whole of the trust estate.
It might be said at a first reading of the will that despite the effort of the testatrix to provide for several contingencies of survivorship, she nevertheless failed to foresee and failed to provide for the one which actually occurred. Such a conclusion would require that the testamentary reference to the survivor of the cousins be interpreted as meaning survival of the income beneficiary, an intention which is not explicit in the will and which should not be forced by implication to obtain a partial intestacy. The statement that intestacy is to be avoided has been too often made to require citation and, although the law of intestate succession is a sincere legislative effort to effect an equitable distribution of property, the sweat of many judges in their struggle against intestacy has created a torrent of authority which no longer can be bucked.
In Matter of Merriam (168 Misc. 932, 935) Surrogate Delehanty construed a will which directed that a trust remainder be paid to the wife and the brother of the testator in equal shares and provided “In case either of them should be deceased before the death of [the income beneficiary], then the whole *22 remaining balance of said trust fund shall go to and he paid over to the survivor”. Matter of McCombs (261 App. Div. 449, 451, affd. 287 N. Y. 557) concerned a bequest of a trust remainder to the testator’s sons with the added provision “Should either of my said sons die before my said wife, leaving no issue him surviving, then and in that case I give, devise and bequeath said deceased son’s share in my property hereby devised or bequeathed to the survivor”. Surrogate Foley considered a similar direction in Matter of Hadden (178 Misc. 939) where the trust was for the benefit of the testator’s mother with the remainder bequeathed to the testator’s brother and stepfather. There the direction was “in the event however that either of said persons does not survive my mother then the whole to the one surviving”. In each of the foregoing cases the named remaindermen died before the termination of the trust and it was held that under the defeasance clause the word survivor referred to the last remainderman to die and did not require survivorship of the income beneficiary.
Matter of Neeser (113 N. Y. S. 2d 505) involved both trust language and a fact situation paralleling the same elements in the case at bar and again it was held that the survivor of two remaindermen took the share of the other despite the fact that both of them predeceased the income beneficiary of the trust.
In none of the cited cases would the disposition resulting from an intestacy have been shocking in its result. The intestate distributees in the Merriam case were the testator’s widow, a sister and a brother all of whom were deceased when the issue arose. The court’s construction of the will vested the trust remainder in the widow’s estate. In the McCombs’ case the distributees were the widow, a son and a grandchild and the will was construed as passing the fund to the estate of the son. The testator in the Hadden case left his mother as his sole distributee and the decision was that the trust fund had vested in a stepfather. The Neeser case involved an inter vivos trust deed and the opinion does not delineate the trustor’s family.
A decision from which it appears that the circumstances existent at the execution of the will, particularly the advanced ages of the named remaindermen, were considered most significant in the construction of the will is Matter of Jay (142 N. Y. S. 2d 234, affd. 1 A D 2d 661, affd. 1 N Y 2d 897). In that case the issue was drawn between the surviving widow and the estate of a deceased remainderman and the widow succeeded in her contention that a deficiency in the testamentary provision resulted in an intestacy.
*23 In accordance with those of the above-cited decisions which are pertinent to the instant case, it is held that the testatrix intended the survivor of her two cousins to be vested with the share of the first to die and, accordingly, one half of the trust fund is payable to the estate of Marie Louise De Florez who was such survivor.
Reverting now to the question as to the method of distribution of the half portion of the trust fund to which the issue of Marie Louise De Florez are entitled, it is held that the will contemplated a distribution among such issue per stirpes. The presumption favoring a per capita distribution that exists in respect of wills of persons dying before the effective date of section 47-a, of the Decedent Estate Law, yields to a very faint glimpse of a different intention. (2 Jarman on Wills [1st Am. ed. 1845] 111; Ferrer v. Pyne, 81 N. Y. 281, 284; Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168, 173-174). The direction here is that issue “shall take the share which his, her or their parent would have taken if then living”. This direction that issue shall take by representation is an unambiguous direction for a distribution per stirpes. (Matter of Farmers Loan (& Trust Co., supra; Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354; Matter of Littlefield, 110 N. Y. S. 2d 548; Matter of Crane, 113 N. Y. S. 2d 865.)
Proceed accordingly.