Maximilian Moss, S.
In this final accounting by the sole acting trustee, petitioner requests that the will be construed to determine the disposition of three quarters of the residuary trust estate. The testatrix died in 1925 survived by a daughter, an incompetent, as her sole distributee. By article II of her will, testatrix placed the entire residue of her property in trust and directed her executors and trustees to apply the income thereof to the care, maintenance and support of her daughter for life, with power to invade principal in their discretion. The trust was to cease and the principal paid over to the daughter in the event she should at any time be declared competent to manage her affairs. The remainder of the article which raises the question of construction is as follows:
“ In the event that my said daughter shall predecease me or having survived me, shall die without having* been declared competent to manage her own affairs, then upon my death in the first instance and upon the death of my said daughter in the second instance I direct that my estate be divided into four equal shares, and I give and. bequeath one of such shares to each of the following named persons: my sister-in-law, JULIA IDA CUTTER, MILLARD CUTTER, HOWARD PATTEN and ALBERT patten, both being children of my husband’s sister, Adeline m. PATTEN.
“ In the event that either of said julia ida cutter, millard cutter, Howard patten or albert patten should die before me leaving lawful issue him, her or them surviving, or having survived me, should predecease my daughter leaving lawful issue him, her or them surviving, then such issue to take per stirpes the share that his, her or their parent would have taken if living. In the event that either of said julia ida cutter, MILLARD CUTTER, HOWARD PATTEN Or ALBERT PATTEN should die before me, or having survived me, should predecease my daughter leaving no lawful issue him, her or them surviving, then such share is to be divided equally among the survivors of said JULIA IDA CUTTER, MILLARD CUTTER, HOWARD PATTEN and albert patten.” The four named remaindermen were respectively the widow and son of a brother, and two sons of a deceased sister of testatrix’ late husband. The daughter and life beneficiary died in 1955, an incompetent, terminating the trust. The remaindermen survived the testatrix but all predeceased the life beneficiary and only one, Albert Patten, had issue him surviving. His two children concededly are entitled to one quarter of the trust estate as the share their parent would have taken had he survived the life beneficiary (Matter of Krooss, 302 N. Y. 424). The dispute is as to the shares of *739 the three remaindermen who predeceased the life beneficiary and left no issue surviving.
The parties agree that these shares were vested contingent upon the remaindermen surviving the life beneficiary (cf. Matter of Evans, 6 Misc 2d 19), but disagree as to the ultimate beneficiaries since the said three remaindermen did not so survive and left no issue to take their shares under the will. The Patten children, who are the issue of Albert Patten, claim that they are entitled to the whole estate as the sole surviving contingent remaindermen, being the only issue surviving of any of the primary remaindermen. They contend that the will must be construed as indicating an intention “ that whatever issue (of the remaindermen) did survive should take the entire estate ” in the event that all of the remaindermen should predecease the life beneficiary, which is the contingency that did occur and which was not expressly provided in the will. This construction, they point out, would avoid a partial intestacy. They are supported in their position by the petitioner. The opposing view is strongly advanced by the Public Administrator as administrator of the estate of the deceased daughter and life beneficiary and by the committee of one of the deceased daughter’s four cousins, her only distributees who would benefit if partial intestacy were to result.
Wills should be construed liberally so as to make the will a complete instrument disposing of decedent’s entire estate. Intestacy whenever possible should be avoided, especially where the gift as here is made out of the residuary estate (Matter of Kayes, 263 N. Y. 219; Matter of McGowan, 134 Misc. 409, affd. 228 App. Div. 779, affd. 254 N. Y. 513; Snyder v. Snyder, 182 App. Div. 65; Matter of Bien, 181 Misc. 352). Construction ‘1 is nothing more than an attempt by the court to bring the text and the intent of a dubious writing into precise harmony with equitable probabilities and with the higher principles of justice and reason” (7 Warren’s Heaton on Surrogate’s Court [6th ed.], § 15, p. 102). It is axiomatic that the testator’s intent is the controlling factor and must be effectuated if legally feasible. If such intent is not expressed explicitly or is not clear by necessary implication the court is required to discern it, if possible, with the aid of principles of construction. “ The court is bound to apply itself with diligence and attention to find the meaning of the testator if it can possibly be ascertained, however difficult or obscure” (Kane v. Astor’s Executors, 9 N. Y: 113, 139).
As was recently stated by the Court of Appeals in Matter of Fabbri (2 N Y 2d 236, 239-240): “ All rules of interpretation *740 are subordinated to the requirement that the actual purpose of the testator be sought and effectuated as far as is consonant with principles of law and public policy. This intent, as we have often said, must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed.” That learned court previously said: ‘ ‘ When the intention is ascertained, the mode of expression, or an inadvertent omission in some particular, should be subordinated to the intent without regard to technical objections if in harmony with the general scheme and purpose of the will ” (Williams v. Jones, 166 N. Y. 522, 533).
“ In deciding those questions, our primary purpose must be to ascertain from the will the intent of the testatrix. Adjudicated cases are of little assistance. Each will is a law unto itself ” (Matter of Hayes, 263 N. Y. 219, 222, supra). “ This is one field where standardization has proved ineffectual. We still take each document on its own merits ” (Matter of Watson, 262 N. Y. 284, 297).
The force and applicability of the above observations as well as the elusive quality of the process of will interpretation, are brought into sharp focus in Matter of Fabbri (2 N Y 2d 236, supra) decided by a divided court, reversing the Appellate Division (1 AD 2d 1030) and reinstating the decree of Surrogate Fails. Although distinguishable on the facts, certain phases are similar and the court’s attitude and application of principles are apropos.
Prompted by the same considerations and the applicable rules of construction as set forth in the Fabbri case (supra) the court holds that the testatrix intended that the surviving issue of predeceased remaindermen should take per stirpes not only the shares of such remaindermen respectively, but also the shares of predeceased remaindermen who would leave no issue, except in the contingency provided for in the final sentence of article II. In that provision, testatrix clearly showed her intention that if some remaindermen predeceased but others were alive at time of distribution the latter would take, in addition to their own quarter shares, the shares of those who predeceased without leaving surviving issue. But if no remainderman survived the life beneficiary, as did occur, the court holds that testatrix intended the issue of any of them to take per stirpes the shares of those who left no issue. “ It is true, of course, that the particular event, which has happened, is not described in the will and that we may infer that the testator did not suppose that his son would fail to survive the older lives; but that *741 will not suffice to defeat the evident testamentary scheme” (Mead v. Coolidge, 179 N. Y. 386, 390; Matter of Gottschalk, 167 Misc. 397, 403). The two Patten children are therefore entitled to share equally the three quarters of the corpus of the trust in question, besides the quarter interest their father would have taken if alive.
Internal evidence of this intended result is the fact that, after providing for her daughter, testatrix showed a testamentary concern only for members of her late husband’s family, the four named remaindermen and their issue. With the exception of her daughter who was her prime concern she made no mention of her own next of kin. Whether that was because of sympathy or consideration for the personal needs of the remaindermen consisting of a widow and three children each of whom had lost a parent, or because she simply preferred them to her own kin for some other reason, is not apparent. But that she did not intend to have her own kin benefit under the will is clear on the surface. To have them benefit through intestacy would frustrate the testamentary intent. The court upon reading the will as a whole seeks to minimize the possibility that testator’s true purpose will be frustrated (Matter of Fabbri, supra). From an examination of the entire will the court discerns a dominant purpose or plan of distribution to distribute the estate completely to the named remaindermen or their issue. The court holds therefore that the only individuals entitled to share the corpus of the residuary trust are the two children of Albert Patten who are Annie Elizabeth Patten Avery and Albert M. Patten. Settle decree on notice construing the will and settling the account accordingly.