■ In the Matter of the Accounting of THURLOW BURGMYER, as Trustee under the Will of JENNIE R. CUTTER, Deceased, Respondent. EDWARD B. WALLACE, as Committee of the Property of MABEL E. SPELLISSY, an Incompetent, et al., Appellants; ANNIE E. P. AVERY et al., Respondents.— Appeal from a decree of the Surrogate's Court, Kings County, construing a will. By her will duly admitted to probate, the testatrix left her entire estate in trust to apply to the care, maintenance and support of her incompetent daughter for life. If the daughter survived her (which happened) and died without having been declared competent (which also happened), the trust estate on the daughter's death was to be divided into four equal shares, one share for each of the following: Julia Ida Cutter (sister-in-law of testatrix' deceased husband), Millard Cutter (Julia's son), and Howard Patten and Albert Patten (nephews of said husband). The will then provided that " In the event that either of said Julia * * * Millard * * * Howard * * * or Albert * * * having survived me, should predecease my daughter leaving lawful issue him, her or them surviving, then such issue to take per stirpes the share that his, her or their parent would have taken if living. In the event that either of said Julia * * * Millard * * * Howard * * * or Albert * * * having survived me, should predecease my daughter leaving no lawful issue him, her or them surviving, then such share is to be divided equally among the survivors of said Julia * * * Millard * * * Howard * * * and Albert ". All four remaindermen survived the testatrix, but predeceased the life beneficiary. The remaindermen died in the following order: Albert, Howard, Julia, Millard. Albert left two children as his issue who are now living. Julia left her son, Millard, who predeceased the life beneficiary. Neither Howard nor Millard left issue. It is conceded that Albert's two children are entitled to his one-quarter share of the residuary of the trust estate. The question is whether these two children are entitled to the remaining three quarters, as the Surrogate held, or whether testatrix died intestate with respect thereto, as appellants contend. Decree affirmed, with costs to all parties filing separate briefs, payable out of the estate. Courts are required to favor a construction which avoids partial intestacy and to adopt one which results in a complete disposition of the estate. (*Matter of Hayes,* 263 N. Y. 219.) The intent of the testator, gleaned from a sympathetic reading of the will as an entirety, must govern. (*Matter of Fabbri,* 2 N Y 2d 236.) In our opinion, the general scheme intended by the testatrix was to benefit only the four remaindermen named in the will and their issue — all relatives of her husband, there being no intent expressed in the will to benefit

any of her own relatives, which would be the result if the construction suggested by appellants were adopted. Having ascertained that intent, the inadvertent omission to provide for the remainder to go to the issue of Albert must be subordinated thereto. (Cf. *Williams* v. *Jones,* 166 N. Y. 522, 531–533.) Wenzel, Acting P. J., Beldock, Ughetta and Hallinan, JJ., concur; Murphy, J., dissents and votes to reverse, with the following memorandum; Three fourths of the remainder should be distributed in accordance with the laws governing intestacy. The four-named remaindermen were required to survive the testatrix and life beneficiary in order to take. None of them did so survive. The testatrix provided in the alternative that, in the event of failure of a remainderman to survive, (a) his issue take his share or (b) in the event he left no issue his share·be divided equally " among the survivors of said Julia Ida Cutter, Millard Cutter, Howard Patten and Albert Patten." None of the remaindermen is a blood relative of the testatrix. Albert Patten alone left issue who survived the life beneficiary. Such issue take the share their father would have taken. They do not come within the category established under the second alternative, which consists exclusively of the four-named remaindermen. [5 Misc 2d 737.]