Maximilian Moss, S.
After making bequests of small sums to a church and to a blood nephew and a nephew by marriage, testatrix gave the residuary estate in equal shares “to each and everyone of my brothers and sisters or my late husband’s brothers or sisters who shall survive me. Should any such *603 brothers or sisters of mine or my late husband predecease me, then and in that event, the share which they would have taken shall be divided among and between such children as they may leave surviving them, per stirpes and not per capita. This provision for my Residuary Estate is intended to and shall have reference to and affect any such brothers and sisters who shall have died before the date of this will leaving issue surviving. It being my intention that any and all brothers and sisters of mine and my husband, who survive me, shall each have an undivided share; and that as to any who predecease me, whether before or after the making of this will, leaving issue behind them, such issue shall take the share which the parent would have taken had they lived.”
At her death testatrix was survived by three blood sisters and a brother, by the issue of a predeceased sister, by the issue of two of her husband’s predeceased brothers, and by the issue of a predeceased sister of her husband. The issue of one of testatrix’ predeceased brothers-in-law are two sons and a granddaughter, the child of a predeceased daughter. The special guardian for one of the said sons contends that the legacy to the issue of a predeceased child is by its terms limited to children and does not include grandchildren (Matter of Schaufelc, 252 N. Y. 65; Matter of Pulis, 220 N. Y. 196; Matter of King, 217 N. Y. 358; Pimel v. Betjemann, 183 N. Y. 194).
The rule cited by the special guardian is applied in most cases. In this case, however, the testatrix made what may be fairly characterized as a family gift as she gave to each brother and sister, both of the blood and by affinity, alive as well as those predeceased with issue, an equal share of her residuary estate. Testatrix amplified the nature of the legacy to the issue of predeceased brothers and sisters, by stating 1 ‘ the issue shall take the share which the parent would have taken had they lived.” There is nothing in the will to indicate that testatrix intended to restrict her benefactions to the immediate children of her predeceased brothers, sisters and brothers and sisters-in-law. Rather the usage of the phrase ‘1 per stirpes and not per capita ” and “ the issue shall take the share which the parent would have taken had they lived ’ ’ indicate that word “ children ” was intended to include more remote descendants (Matter of Blodgett, 250 App. Div. 324, 331-332; Matter of Stecher, 190 Misc. 502, 506; Matter of Evans, 6 Misc 2d 19; Matter of Hart, 185 Misc. 791). The grandchild is therefore entitled to the share to which her parent would have taken had she lived. The will is so construed. Settle decree on notice.