Maximilian Moss, S.
Upon all the proof, the court sustains the objections of the Commissioner of Hospitals, whose claim is allowed in full without interest. There was no obligation upon the part of the hospital to seek payment from the Associated Hospital Service, nor is there any proof that the testator was entitled to benefits from the said Associated Hospital Service.
The proof adduced establishes that the decedent’s father, brother and both sisters, and the brother’s and sisters’ respective issue, as named in the petition, with the exception of Moses Kuflik, a son of testator’s sister Czarna Kuflik, are dead and that they predeceased the testator.
The proof further establishes that the testator’s sister, Basia Sommer, is the same person named “ Bashe Somer ” in the Totten Trust account opened in the Dime Savings Bank of Williamsburg, and as said Basia Sommer predeceased the testator, the said bank account becomes part of testator’s estate.
*57 Testator executed his will on August 13, 1945, and died on July 10, 1947. Under it he gave a sum of money for saying Kaddish, $200 each to two cousins, one of whom is one of the three substitutional legatees under paragraph “ Seventh ” of said will. He then disposed of his residuary estate as follows:
‘‘Sixth: All the rest, residue and remainder of my estate, whether real, personal or mixed, and wheresoever the same shall be located, I give, devise and bequeath to my father, Meyer Kuflik ; sisters, Basia Sommer and Guarna Kuflik ; of Cegowa near Dukla, Poland, and my brother, Samuel Kuflik of Poland; to be divided among them equally, share and share alike. In the event that my father, brother or any of my sisters shaE predecease me the share of such deceased shaE pass to the issue of such deceased and if there be no such issue to the survivors or survivor of the four persons named as beneficiaries.
‘ ‘ Seventh : In the event that my executors shaE be unable to locate any of the beneficiaries or descendants for a period of five years from the date of their quaEfying the share of such beneficiary or descendant shaE pass to Sophie Glicksman * * * Leo Trattner * * * and George Bleohner * * * to be divided equally among them.”
The four persons named in paragraph ‘1 Sixth ’ ’ and their issue have been declared by this decision to have predeceased the testator, with the exception of Moses Kuflik. It is conceded that Moses Kuflik, as the child of his mother, who married a cousin bearing the same family name, and as issue of his grandfather, Meyer Kuflik, is entitled to one half of the residuary estate under paragraph “Sixth”. It is contended however, that paragraph Sixth does not dispose of the shares of testator’s brother and sister Basia, who, and whose issue, predeceased the testator; and that those shares pass under paragraph Seventh of the wiE.
The testator was of the Jewish faith, as were also the members of his family. They were residents of that part of Poland which was overrun and captured by the Germans during "World War II. The Jewish people, in lands conquered by the Germans during that war, were subject to mass deportation and extermination. Against that background, the testator executed his will shortly after the termination of hostiEties in Germany. The fate of testator’s family was nnkn'own to him at that time, as correspondence from them ceased shortly after the outbreak of the war.
Viewed in that setting and in the Eght of the nominal bequests of $200 each to two cousins, it is quite evident that testator intended primarily to benefit his immediate family and their *58 issue and not femóte collateral relatives. Under paragraph Sixth ” he gave his íesidúafy estate first to the named members of his family; and if they were dead, then to their respective issue, and if there were no issue then ‘£ to the survivor or survivors of the four persons named as beneficiaries.” When those classes were exhausted, then the three persons named in paragraph ‘1 Seventh ’ of the will, who are cousins of the testator, were to take thereunder. These cousins are residents of 3ST-e‘w York City. Paragraph ‘£ Seventh ’5 however, was to become operative as a substitutional gift of the residuary éstate only if the executors were unable to locate any of the beneficiaries named in paragraph 1 ‘ Sixth ’ ’ or their descendants. That condition did Hot évélittiate, ás the executors did bréate a descendant of testator’s family (cf. Matter of Loglier, 159 Misc. 194).
Testator’s brother and sister, Basia, predeceased him without issue, and as there were no snrvivors of the four named persons in paragraph “ Sixth ” which disposed of the residuary estate, their two shares pass as in intestacy '(Wright v. Wright, 225 N. Y. 329). In intestacy those two shares also descend to Moses Kuflik, who is the testator’s sole distributee, a circumstance Which fortuitously enables 'the distribution of testator’s property to a relative whom the testator undoubtedly preferred ás one of the class be considered the primary object of his bounty (cf. Matter of Cutter, 5 Misc 2d 737, affd. 4 A D 2d 966, affd. 5 N Y 2d 1018). This will is so construed.
The rulings made on the hearings Concerning the admissibility of testimony and documentary matters are in all respects confirmed and the report, in accordance with subdivision 9 of section 32 of the Surrogate’s Court Act, approved for filing*. Settle decree on notice.